1    Marimar Cornejo
     c/o 391 Ellis Street
2    San Francisco, California 94102
     Marimarcornejo95@gmail.com
3    415-767-6676
     in propria persona
4



FILED ⑤

AUG 17 2020 ISS

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5              **UNITED STATES DISTRICT COURT**

6           **NORTHERN DISTRICT OF CALIFORNIA**

7

8                        *San Francisco*

9                    **CV20    5813**TSH

10   MARIMAR CORNEJO, an individual,      CASE NO.:

11                        Plaintiff,

12        vs.                            COMPLAINT FOR DAMAGES &
                                         INJUNCTIVE RELIEF
13                                       (42 U.S.C §§ 1983, 1988; and pendent tort
                                         claims)
14   JEFFREY TUMLIN, officially as Director of
     Transportation of the San Francsico Municipal   **JURY TRIAL DEMANDED**
15   Transportation agency; the SAN FRANCISCO
     MUNICIPAL TRANSPORTATION AGENCY;
16   CITY & COUNTY OF SAN FRANCISCO;
     DAN SCANLAN individually; TEGSCO LLC
17   d/b/a SAN FRANCISCO AUTORETURN; SAN
     FRANCISCO AUTORETURN LLC;
18   PACIFIC GAS AND ELECTRIC COMPANY;
     CAMERON A. HALE in his capacity as CEO of
19   ALVAH CONTRACTORS INC.; ALVAH
     CONTRACTORS INC.; NELSONS TOW,
20

21

22                        Defendants.

23

24

25   I the injured party and claimant, for this claim hereby allege the following facts:

26

27                        **INTRODUCTION**

28

1.    I the Plaintiff, am the mother of a new-born child, and am currently unable to work in my normal and usual field due to the full-time needs of my infant son, and am on a fixed earnings derived solely from unemployment and from family support. I bring this suit for damages and injunctive relief in order to protect my threatened interest in an automobile (essential Property) which I have an immediate right to possession exclusive of each Defendant named in this Complaint, and Defendants were not only negligent but were reckless and malicious in the manner of the taking and in their dealings and conduct which occurred after the taking.

2.    The automobile was taken from me without a warrant and without probable cause, and further without due process of law by public employees of the agency SAN FRANCISCO MUNICIPAL TRANSPORTAION AGENCY (hereinafter "SFMTA"), which on my information and belief is an instrumentality or agency of the CITY AND COUNTY OF SAN FRANCISCO (herein after called "CCSF"). The car right now is being held by employees and agents of the private corporation named TEGSCO LLC (doing business as "AUTORETURN" or AUTORETURN SF LLC), who were acting in a joint operation with SFMTA employees when it was wrongfully taken.

3.    At all times mentioned in this complaint, the Legal Entity Defendants AUTORETURN, ALVAH, and PG&E, including SFMTA and CCSF are being charged as "persons" acting under the color of State Law, because *inter alia* employees or agents thereof engaged in an unconstitutional policy, custom, or practice which violated my rights in property protected by the 4th, 5th, and 14th, Amendments to the Constitution for the United States of America.

4. Each Defendant Corporation and it's directors are vicarious liability for the negligent and wrongful acts and omissions of their employees and agents done within and without the scope of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

their duties, and further are being charged as Surety for each employee who intentionally or negligently caused injury in the performance of their duties which were official and unofficial customs, practices, or usages.

5. At the time of the wrongful taking of the subject automobile by the above mentioned Defendants, SFMTA employees were acting pursuant to a statutory scheme set out by California Vehicle Code sections 22650 et sq, and further were acting under an unofficial custom and practice where Defendants wrongfully seize property for commercial gain without due process of law, and Municipal Defendants subsequently fail to provide adequate constitutional safeguards to correct the wrongful deprivations, resulting in serious suffering and emotional distress to the injured party from the indefinite dispossession of their property.

6. Therefore Defendants at the time they committed the taking of property were acting under color of state law for purposes of liability under Title 42 USC section 1983, and this action by Defendants shows a pattern by them overtime of several seizures of property in which I have an immediate right to possession without due process of law, and without a warrant.

7. This suit is further against Doe Defendants who's names and capacities are unknown to me at this time, but these persons are the Bond and Insurance carriers of the Defendants who are responsible for creating the injury and losses which occurred, and are set out in this Complaint. I hereby sue for Subrogation into the rights of the "Insured" under the policy or bond, and for Judgment against the sureties for the proceeds from the respective policy.

8. 'Municipal Government Immunity' has been waived under these circumstances pursuant to California Government Code sections 810-815. SFMTA and CCSF are liable for any act or omission done by one of its employees acting within the scope of their official duties as set out by Government Code Sections 815.2 subdivision (a), and as set out hereafter.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

9. The automobile was taken in bad-faith by Defendants since they were knowingly acting without a justifiable legal or lawful cause, which resulted in a deprivation of property in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America because the seizure was truly unreasonable and unnecessary, and further there was no notice given or opportunity to be heard prior to the deprivation, when the car was not a public safety hazard or   traffic exigency justifying use of police power, and there was no consent given by me to the persons liable for it's wrongful taking.

10.     At All times mentioned in this Complaint, Defendant PACIFIC GAS AND ELECTRIC COMPANY (Hereinafter "PG&E") who was the contractor who hired the sub contractor ALVAH CONTRACTORS INC (Hereinafter "ALVAH"), is herein alleged to be the 'owner' of the transmission lines for which work was being performed which was the reason and cause for   Defendant contractors to use the streets on the day they called SFMTA, and participated in the towing of my car to a locked facility controlled by TEGSCO LLC doing business as AUTORETURN (hereinafter "AUTORETURN").

11.     I allege that the acts of Defendants were private and proprietary acts rather than public acts of a government, which constitutes a waiver of immunity for the Defendants CCSF and SFMTA aside from the statutory waivers set out in the above mentioned Government Code Sections.

12.     PG&E and ALVAH are private corporations subject to Section 22658 of the California Vehicle Code as private owners of private property for purposes of the regulatory scheme set out by Vehicle Code Section 22650 et sq.

13.     Employees or contractors under the direct supervision and control of Defendants BILL JOHNSON, and CAMERON A. HALE, who control the Defendant Entities 'ALVAH' and

'PG&E', breached a common law duty of care owed to me, and further breached a statutory duty under California Vehicle Code Section 22658 to provide reasonable notice to the public on appropriate signage, that no public parking is permitted at the site where my car was towed from.

14.    Employees and Contractors of Defendants PG&E and ALVAH failed to provide this requisite notice as required by statute, and therefore were negligent, and aside from any statutory duty or obligation imposed on Defendants, providing notice to me and other owners of intent to deprive me us of property is only fair and just, and Defendants without giving any notice of towing and initiating the towing with knowledge that notice was not given was a bad-faith act, which was unjust, unfair, and inequitable.

15.    Cal. Veh. Code Section 22658 subdivision (e)(1) allows for statutory damages to be awarded to the owner of an automobile in the amount of double the storage or towing charges against his property whenever there has been a failure to comply with paragraphs (1) (2), or (3), which is the notice requirement that the Defendants CAMERON A. HALE, and BILL JOHNSON acting through their employees failed to comply with.

16.    The Statutory remedies provided above are cumulative to any other remedies that may be available to an injured party, and I hereby allege that on my information and belief the current Storage Charges against the property as of today's date is approximately $11,190.50 and thus Defendants should be found liable for double that amount for the wrongful possession of my automobile.

17.    Several written demands were given to Defendant AUTORETURN to return the Car to me and other lawful owners, but the Defendants DAN SCANLAN and JEFFREY TUMLIN refused to comply, and continued to hold the property even after having sufficient evidence showing their acts were done in bad faith and were unwarranted.

18.    The subject Toyota Camry was parked at approximately 4pm on February 27, 2020 **(See Exhibit A)**, and at that time there was no warning signs near the car giving notice to the public provided by Defendants, giving notice of a construction site or towing a owners expense.

19.    Persons in fluorescent jackets whom I reasonably believe were contractors or employees working at that moment for Defendant ALVAH, at approximately 7:13 pm were captured on surveillance video placing an Orange cone next to the subject automobile **(See Exhibit B)** giving notice to the public of towing for the space where our car was already parked at.

20.    Later on that evening, at approximately 8:46 pm the car was ticketed by SFMTA employees **(see Exhibit C)** and towed by Nelsons Tow company at 9:13 pm **(See Exhibit D)** resulting in the direct loss of my control and dominion over the automobile.

21.    Defendants and each of them were in some form and way responsible for the wrongful and unjust taking of the automobile, the full extent of their liability is unknown at this time, and I do intend to amend the complaint to assert the true agency and capacity of all the parties as it relates to their involvement in the wrongful taking the Automobile.

22.    Some of the Defendants are unknown to me at this time, and I therefore sue those persons as Doe Defendants, and I will amend the record once the true names and capacities of those persons is ascertained.

## **JURISDICTION**

23.    This action arises under the Constitution and laws of the united States for Defendant's Constitutional violations of the Fourth, Fifth, and Fourteenth Amendments, which were deprivations of rights under color of state law in violation of Title 42 of the United States Code Section 1983.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

24.    Jurisdiction is conferred upon this Court by Title 42 USC 1983, and by 28 USC. Sections 1331. The unlawful acts and practices alleged herein occurred within the City and County of San Francisco, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

## PARTIES

25.    Marimar Cornejo (hereinafter "I" or "Plaintiff"), is a California Citizen and people of the United States of America.

26.    CITY & COUNTY OF SAN FRANCISCO (hereinafter "CCSF"), is a municipal corporation duly organized and existing under the laws of the of State of California.

27.    JEFFREY TUMLIN, is herein sued in his Official Capacity as Director of SAN FRANCSICO MUNICIPAL TRANSPORATION AGENCY.

28.    SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY (hereinafter "SFMTA"), is sued as an unknown corporation and subdivision of Defendant CCSF.

29.    CAMERON A. HALE, is sued in his official capacity as President of ALVAH CONTRACTORS LLC (a California Corporation).

30.    PACIFIC GAS AND ELECTRIC COMPANY (a California Corporation).

31.    JOHN WICKER, sued in his official capacity as CEO of TEGSCO LLC (a Oregon Limited liability Company) doing Business as AUTORETURN SF LLC.

32.    DAN SCANLAN, a California citizen sued individually and officially in the capacity as Vice President of TEGSCO LLC d/b/a AUTORETURN [SF LLC].

33.    Plaintiff is ignorant of the true names and capacities of Defendants and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained

by Plaintiff as set forth in this Complaint. Plaintiff will amend this complaint to state the names and capacities in which Defendants operate once they have been ascertained.

## **Additional Facts**

34.    The claims requirements under the 'Governmental Claims Act' have been satisfied or are inapplicable to this action.

35.    CCSF is deemed to be a public entity, and at all times in this complaint was the "public entity" responsible and liable for the acts and omissions of the same SFMTA employees who caused injury as set out in this complaint, who were acting under a official or unofficial policy, custom, or practice.

36.    At all times relevant, the SFMTA employees who are responsible for the act of initiating the towing of my car were persons under the direct supervision and control of Defendant Jeffrey Tumlin who is an "elected official" responsible for the operation of the SFMTA pursuant to the Charter of the City and County of San Francisco, and pursuant to the general and special laws of the STATE OF CALIFORNIA.

37.    The non-discretionary act by the SFMTA employee to initiate the ticketing and towing of my car, were official acts authorized by statute and local policy taken within the regular course and scope of the employees official duties, and thus were acts under color of state law indicating liability against Municipal Defendants under *Monell v. DEPARTMENT OF SOCIAL SERVICES OF the CITY OF NEW YORK et al.*

### *Defendants are not Immune from liability*

38.    Defendants have no immunity from constitutionally based claims or from claims arising under federal statutes such as 42 USC 1983. (See Buenavista v. City and County of San

Francisco, 207 Cal. App. 3d 1168, 255 Cal. Rptr. 329 (1st Dist. 1989); Martinez v. California (1980) 444 U.S. 277, 284).

39.    Pursuant to California Government Code section 810.8, "'injury' *means death, injury to person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person*". Therefore Defendants were public employees who caused an injury to my person, and to my Constitutionally protected right to liberty and enjoyment of that property, further causing panic, fear, embarrassment, and mental anguish.

40.    Pursuant to California Government Code section 815.2(a), "*a Public entity is liable for an injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative*".

41.    The act of SFMTA employees which caused the deprivation of my property was based on a private agreement between CCSF to sell to PG&E an exclusive right to use certain portions of the public street, so that PG&E can exclude the rest of the public. This arrangement was merely a private act rather than a Government Function related to the urgent abating of a public safety hazard, or traffic exigency, which is interrupting public trade, commerce, or transportation.

42.    SFMTA employees did not remove the car for one of the permissible reasons set out in California Vehicle Code Section 22651, and thus it is recognized by Cal. Gov. Code Section 22650 subdivisions (a) and (b), that the seizure was unreasonable in violation of the Fourth Amendment.

43.    Further, at all times relevant here, the car posed no immediate danger to the public or created any valid urgent need by Defendants to remove the car from the street where it was parked, but "public employees" of CCSF and AUTORETURN removed it without first providing me any notice at all, and also without providing me an opportunity to be heard by a detached and unbiased magistrate at any time prior to the deprivation, or at any time after the deprivation violating the due process clauses of the 5th, and 14th Amendments to the Constitution for the United States of America.

44.    *"Central meaning of "procedural due process" is that parties whose rights are to be affected are entitled to be heard and, in order that they may enjoy that right, they must first be notified" (*See Fuentes v. Shevin , 407 U.S. 67, 92 S.Ct. 1983 (1972)) .

45.    My protected right to Due Process of Law according to the supreme law of the land is Res Judicata, and stare decisis, making this right the Supreme Law of the Land binding on all Defendants pursuant to Article 6, and pursuant to the 5th and 14th Amendments to the United States Constitution, and this is affirmed by Goldberg v. Kelly 397 U.S. 254, 90 S.Ct. 1011 (1970) and Grannis v. Ordean, 234 U.S. 385 (1914).

46.    The actions of Defendants in failing to give notice and an opportunity to be heard prior to the deprivation of my property, also violate the Constitution of California Article 1, Section 15, Clause 7.

47.    Employees of Defendant SFMTA gave one formal reason for the towing which by their own admission was based on the fact the car was parked in a "construction zone", and that the permit holder (PG&) or it's Subcontractor ALVAH called to initiate a tow. Since no notice of towing or construction site was given to me or other owners by Defendants ALVAH and PG&E, this was not a valid reason to initiate a tow under any statutory authority, and was not a justifiable

or valid use of police power of a State, and they were negligent and wrongful in their actions to deprive me of the possession of my property.

48.    In the case USA v. Vertol H21C REGISTRATION No. N8540, 545 F. 2d 648(1976), the court found that it violated the Due Process Clause of the 5th and 14th Amendments for a government to seize property without first providing notice and an opportunity to be heard, when the purpose of the seizure was solely to collect a monetary fine owed to the Government. This clarifies that seizures for parking fines and citations must be done only after notice and opportunity to be heard.

49.    Therefore according to the above case, the Defendants in this instant matter cannot claim that any monetary fine or penalty was at issue creating a sufficient Government interest to tow my property, as it would not be a sufficient 'Government Interest' which outweighs the rights of owners to possession of property good against the world, such as is the case here.

50.    The interest of CCSF and SFMTA in this matter was only in carrying out the private contract and agreement allowing PG&E to arrange the towing of cars in the Construction zone to which they purchased a permit from CCSF. SFMTA employees admitted that to me on two occasions that it would be illegal for any employee thereof to initiate a towing of a car which was found at a construction site without first being called by the permit holder to report the violation, showing the private nature rather then government function. This is the same procedure as with any private driveway owned by any private party, the Municipality cannot just tow a car because its blocking the driveway without consent, it must have an injured party.

51.    On information and belief pursuant to Article 15, Section 724.3 of the SF Public Works Code, I allege that the Defendants PG&E and ALVAH were required to place the 'no parking signs' 72 hours before they begin towing any car found at the construction site, and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

therefore they were negligent in failing to do so, and it was simple and easy for arriving SFMTA employees to determine that based on records which they should have control and access to, the permit was issued to Defendants PG&E at approximately 9 a.m. the same morning they towed the subject automobile, and thus only 12 hours had expired rather than 72 hours indicating Defendants violated their duty under the notice requirements.

52.    Defendant Employees of SFMTA did not use reasonable or slight care to determine before towing a car whether their actions would be reasonable or valid, they just went ahead and towed the car and offered a hearing after the deprivation which was unjust and unfair, and further was repugnant to due process requirements under the fourth, fifth, and Fourteenth Amendments constituting a Constitutional Tort and violation of Title 42 Section 1983.

53.    By personal knowledge, the tow and boot hearings Defendants offer, do not provide adequate constitutional safeguards, and do not allow constitutional issues to be raised at the hearing which would prejudice my rights to use that venue, and would prevent the raising of the issues made in this complaint which was the basis for Defendants wrongful possession.

54.    I hereby allege that all Defendants and each of them who did any act which resulted in the taking of my property in this instant matter, were at a minimum negligent for breach of duty of care and violation of duty to provide notice, and their actions amounted to conversion, trespass and negligent infliction of emotional distress.

55.    ALVAH & PG&E employees and contractors at first were negligent for failing to give warning resulting in the car being parked in a spot they reserved, however the subsequent act by them to call SFMTA employees to initiate the tow when they knew they were negligent and in non-compliance with notice requirements went past negligence, and was a reckless despicable act which was an intentional tort of Trespass and Conversion.

56.   ALVAH and PG&E Contractors owed me a duty to prevent the subject automobile from being towed since they created the danger in failing to warn me and other owners by appropriate signage of the upcoming towing, and therefore they had an additional duty of care <u>not to contact Defendants SFMTA</u> to tow the car to AUTORETURN storage facility causing it to incur storage fees, and it was reasonably foreseeable by Defendants that doing so would cause serious injury to the owners of the subject car.

57.   Defendants CCSF and AUTORETURN would be unjustly enriched by being paid over $11,000 in excessive fees and fines arising as a result of the unlawful taking of the automobile if they were to collect any of the amounts they require in order for me to regain possession thereof. Therefore, it not only would it be impossible for me to tender the payment to them since I do not have the amount they request, it would be unjust and unfair, and would encourage Defendants to continue the conduct constituting seizing property from private persons without valid legal or lawful authority.

58.   All Defendants after the towing of the subject Toyota Camry had reasonable time to discover the facts of whether the tow was wrongful, but they did not ever contact me or any of the other owners and intentionally failed to conduct an adequate investigation, and intentionally kept the car with knowledge that their actions were more likely than not wrongful and without merit, and that their actions were likely to cause continued and increasing injury to myself and other owners of the Toyota Camry.

59.   District Courts have recognized that the seizure of the car alone constitutes irreparable injury, (see Monterey Mech. Co v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997)) ("alleged constitutional infringement will often alone constitute irreparable harm"); (Mills v. District of Columbia, 571 F.3d 1304, 1312 (D.C. cir. 2009)) (loss of 4th amendment freedoms, "for even

minimal periods of time, unquestionably constitutes irreparable injury) (citing Elrod v. Burns, 427 U.S. 347, 373 (1976).

60. Defendants SFMTA have showed a continuous pattern of wrongful seizures of my property over time. In 2015 Defendant's seized a 2012 Toyota Camry that was parked for more than 3 days in the same space, and in 2017 Defendants seized a 2015 Nissan Altima by first booting the car, then towing it some 48 hours later, and subsequently denied myself and the other owner due process of law at a 'Boot Hearing' held at the SFMTA Customer Service center. Therefore based on good cause, its likely that Defendants AUTORETURN, SFMTA, and CCSF by and through it's employees will continue to deprive myself and other owners of property unless they are not permanently enjoined from depriving the Plaintiff of property without due process of law.

## Damages

61. As a proximate result of each DEFENDANTS' conduct, I and other owners suffered humiliation, shock, panic, and mental anguish from the taking of the subject automobile on February 27, 2020. I and other owners suffer permanent fear and apprehension each and every time we park a car in a space which appears to be open and free. Further as a direct result of our loss of the property, I and another owner suffered loss of earnings in the sum approximate of $3500, and out of pocket expenses of $203.57, and were required to rent a car during the days of March 3, 2020 through July 7, 2020 incurring expenses of $ 4,003.41. Just compensation is hereby demanded from Defendants for each and every loss sustained by myself and other owners.

## FIRST CAUSE OF ACTION

### Violation of FOURTH AMENDMENT

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

**(42 U.S.C. §1983)**

**(PLAINTIFF v. DAN SCANLAN individually, TEGSCO LLC d/b/a AUTORETURN, AUTORETURN SF LLC, CAMERON A. HALE, ALVAH, BILL JOHNSON, PG&E, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, AND DOES 1-10 INCLUSIVE)**

62.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

63.    The DEFENDANT "public employees" and other corporate Defendants violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, by seizing the Toyota Camry on February 27, 2020.

64.    According to the Fourth Amendment, seizure of property must be by warrant specifying the particular places to be searched or things to be seized, and must be based on a substantial probability that the property is related to the committing a crime.

65.    Plaintiff's property was not involved in a crime, and was not a public safety hazard or public traffic exigency at the time SFMTA public employees conspired with ALVAH contractors or employees to remove the property when it was not permissible under any statutory or legal authority. Therefore, the DEFENDANT public employee's above-described conduct constituted an unreasonable seizure in violation of the Fourth Amendment.

66.    Public employees of the SFMTA are acting under color of state law. All other corporate Defendants who acted in concert with the public employees of SFMTA to take the car and keep the car such as Dan Scanlan from AUTORETURN, and Cameron A. Hale from ALVAH were involved in a state action with those employees and are liable for the Constitutional Tort of unreasonable seizure.

67.   As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiff and other owners without consent, interfering with the right to immediate possession thereof, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses. Further as a result of Defendants wrongful conduct, I and other owners suffer continued fear and apprehension each day to park a car in a vacant lawful space, since Defendants towed my car when it was parked in vacant space without any notices shocking and surprising other owners and myself.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Violation of 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION
### (42 U.S.C. §1983)
### (PLAINTIFF v. DAN SCANLAN individually, TEGSCO LLC d/b/a AUTORETURN, AUTORETURN SF LLC, CAMERON A. HALE, ALVAH, BILL JOHNSON officially, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, and DOES 1 - 10 INCLUSIVE)

68.   All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

69.   DEFENDANT "public employees" above-described conduct, wherein it is alleged that DEFENDANTS violated Plaintiff's right as provided for under the Fourteenth Amendment to the United States Constitution, to receive due process of law prior to the seizure of private property, was a Constitutional Tort from which none of the Defendants have any immunity.

70.   DEFENDANT PG&E AND ALVAH prior to the tow, failed to provide notice as required by statute. Arriving SFMTA employees prior to towing the car did not provide notice and

a hearing at a time when the deprivation could be prevented, and it was not allowed, required, or necessary for any of the Defendants to tow or remove the Toyota Camry from the street where it was parked.

71.   DEFENDANTS ALVAH, PG&E, SFMTA, AND CCSF employees at the times relevant, were involved in carrying out a contract which was an express agreement to tow cars from the street at a construction site, and thus DEFENDANTS ALVAH AND PG&E are jointly and severally liable with SFMTA and CCSF for the constitutional Tort in the violation of due process of law for seizure of property without notice or hearing.

72.   As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiff and other owners without consent, interfering with the right to immediate possession thereof, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses. Further as a result of Defendants wrongful conduct, I and other owners suffer continued fear and apprehension each day to park a car in a vacant lawful space, since Defendants towed my car when it was parked in vacant space without any notices shocking and surprising other owners and myself.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN officially, SFMTA, CCSF, DOES 1-10, INCLUSIVE)

73.   All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

74.    DEFENDANTS above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

75.    Defendants Dan Scanlan, TEGSCO LLC d/b/a AUTORETURN, CCSF and SFMTA used coercion by seizing my car and attempting to force and compel myself or one of the owners to pay ransom for the return of the car, in violation of my right to freely use and own property protected by California Civil Code §52.1., and protected by the Constitution and laws of the Untied States.

76.    As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiff and other owners without consent, interfering with the right to immediate possession thereof, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses. Further as a result of Defendants wrongful conduct, I and other owners suffer continued fear and apprehension each day to park a car in a vacant lawful space, since Defendants towed my car when it was parked in vacant space without any notices shocking and surprising other owners and myself.


WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress

### or

### Negligent Infliction of Emotional Distress)

### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, NELSONS TOW, CCSF, DOES and DOES 1-10, inclusive)

77.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

78.    DEFENDANT public employee's and Corporate employee's above-described conduct was extreme, unreasonable, and outrageous.

79.    The conduct of Defendants if not found to constitute intentional infliction of emotional distress, should be found at a minimum to constitute negligent infliction of emotional distress since Defendants and each of them were negligent in failing to use reasonable care as described above, and were reckless and it was foreseeable by defendants the harm they caused when they deprived myself and other owners of property after failing to give warning.

80.    In engaging in the above-described conduct, DEFENDANTS intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of DEFENDANTS conduct.

81.    By refusing to return the car when the liability was clearly presented to the Defendants via several communications, the DEFENDANT Public Employees and Officials, and DAN SCANLAN ignored the fact that is was foreseeable that depriving myself and other owners of property which provided us a right to locomotion to transport self and property each day, and when DEFENDANTS knew they failed to give notice to myself and other owners could cause emotional distress.

82.    As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiff and other owners without our consent, interfering with our right to immediate possession thereof, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE)

### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, NELSONS TOW, CCSF and DOES 1-10, inclusive)

83.   All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

84.   At all times herein mentioned, DEFENDANT Dan Scanlan, Cameron A. Hale, ALVAH, SFMTA, CCSF, and it's "public employees" and DOES 1- 10, inclusive, breached a duty of reasonable care to avoid causing unnecessary mental harm and distress to Plaintiff and other owners by their failing to give notice, failure to provide due process of law, and their conversion of the Toyota Camry effecting an unreasonable seizure violating the Fourth Amendment. The wrongful conduct of the DEFENDANTS, as set forth in this Complaint, breached the standard of reasonable care to be exercised by reasonable persons and proximately caused Plaintiff and other owners to suffer injury.

85.   As a proximate result of DEFENDANT'S negligent conduct, Plaintiff and other owners suffered severe emotional and mental distress, economic losses, out of pocket expenses, and experience sustained fear each and every time while parking a car in any space after the wrongful deprivation, since the Deprivation was a shocking surprise unwarranted and not foreseen by Plaintiff or other owners.

86.   DEFENDANT'S above-described conduct constituted a breach of their duty to act as a reasonable person would under similar circumstances. Every Public Official in the state of

California swore an oath to uphold the constitution. The DEFENDANT Public Official Jeffrey Tumlin breached that oath by the conduct of depriving myself and other owners a right to Property. As a result of the conduct of DEFENDANT Jeffrey Tumlin and persons under his direct supervision and control, Plaintiff and other owners lost possession of the Toyota Camry and suffered severe mental and emotional distress, moreover I Plaintiff and other owners did not contribute to any loss suffered by us, nor did we assume any risk.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


# SIXTH CAUSE OF ACTION

## (CONVERSION)

**(PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, DOES 1-10, inclusive)**

87.   All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

88.   At all times relevant Plaintiff was one of the owners of the subject Automobile wrongfully taken by Defendants named above and hereinafter, and is entitled to immediate possession thereof.

89.   DEFENDANTS DAN SCANLAN, CAMERON A. HALE, JEFFREY TUMLIN, SFMTA, ALVAH, & PG&E, by the above described conduct have exercised wrongful dominion over Plaintiff's property substantially interfering with Plaintiffs and other owners use thereof, when DEFENDANTS seized it and locked it a warehouse located at the street commonly known as 2650 Bayshore BLVD 94014, within the city and county of San Francisco depriving Plaintiff and other owners of it's immediate possession.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

90.    DEFEDANTS had no consent by Plaintiff or other owners to take possession of the subject automobile, and further had no valid legal or lawful basis or justification to do the same.

91.    Conversion is a strict liability tort, it is irrelevant the state of mind in which DEFNDANTS were acting at the time they committed the act or whether they acted in good-faith.

92.    California Civil Code §3333 provides for statutory liability against Public Entity Defendants CCSF and SFMTA. This was a breach of an obligation by DEFENDANTS presumed or deemed not arising from a contract, Defendants breached the Constitution for the United States of America Fourth, Fifth, and Fourteenth Amendments which is a breach of law, and further violated the aforementioned Federal Statute Title 42 Section 1983 in the wrongful taking of property by the above described conduct.

93.    As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiff and other owners without our consent, interfering with our right to immediate possession thereof, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (TRESPASS)
**(PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, AND DOES 1-10, inclusive)**

94.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

95.  Trespass to chattel according to California common law lies where an intentional interference with the possession of personal property has proximately caused injury, (see Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1350-51, 1 Cal. Rptr. 3 d 296, 20 I.E.R. Cas. (BNA) 65, 148 Lab. Cas. (CCH) P 59756 (2003)).

96.  At all times relevant, Plaintiff was one of the owners of the subject Toyota Camry entitled to is immediate possession.

97.  DEFENDANTS ALVAH AND PG&E if not found liable for the act of conversion, let DEFENDANTS be liable for the lessor tort of TRESPASS since employees and contractors of DEFENDANTS played a material and critical role in creating the loss of the subject Toyota Camry causing the injury to myself and other owners to our free unhindered use thereof

98.  As a result of the Trespass, and aside from the injury caused by the loss of use of the subject Toyota Camry, I and other owners suffered severe emotional distress, surprise, shock, fear, economic losses, and out of pocket expenses.


WHEREFORE, Plaintiff


## **JURY DEMAND**


99.  Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.  For general damages according to proof;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to all Defendants and DOES 1 through 25 and/or each of them;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.     For cost of suit herein incurred; and

6.     For Emergency Relief as set out in the Application for TRO and Preliminary Injunction, and for a permanent injunction against Defendants Dan Scanlan, TEGSCO LLC d/b/a AUTORETURN, CCSF, SFMTA, enjoining Defendants from committing any future act authorizing, allowing, or ratifying the practice by employees of Defendants in depriving Plaintiff of Property without due process of law, or being in unlawful possession of Plaintiffs Property in violation of Plaintiff's Constitutionally protected Rights thereto.

7.     For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8.     For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

9.     For such other and further relief as the Court deems just and proper.

## VERIFICATION

    I the Plaintiff, under penalty of perjury under the laws of the United States, verfiy that the foregoing facts are true to the best of my knowledge, and that this action is filed in good faith to protect life and property, and that I would testify to the validity thereof before this Court if necessary.

Dated:    August 17, 2020

                                     Plaintiff Marimar Cornejo

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
MARIMAR CORNEJO v. DAN SCANLAN ET AL

# EXHIBIT A

# Exhibit A

**Subject**: 1998 Toyota Camry
**File date:** 2/27/2020
**File Time:** 4:59.58 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



# EXHIBIT B

# Exhibit B

**Subject:** 1998 Toyota Camry
**FIle Date:** 2/27/2020
**File Time:** 7:10:48 P.M.
**Location:** At Ellis Street at Powell Street, San Francisco California



# EXHIBIT C

# Exhibit C

**Subject**: 1998 Toyota Camry
**File date:** 2/27/2020
**File Time:** 8:46:36 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



# EXHIBIT D

# Exhibit D

**Subject**: 1998 Toyota Camry
**File date:** 2/27/2020
**File Time:** 9:35:36 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



RECEIVED

2020 AUG 17 P 2 21

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.