

FILED

AUG 17 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1  Marimar Cornejo
   c/o 391 Ellis Street
2  San Francisco, California 94102
   Marimarcornejo95@gmail.com
3  415-767-6676
   in propria persona
4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **NORTHERN DISTRICT OF CALIFORNIA**

8                             *San Francisco*

9                                    **CV20    5813**

10 MARIMAR CORNEJO, an individual,        CASE NO.:

11

12                            Plaintiff,

13     vs.                               PLAINTIFF'S EX PARTE APPLICATION
                                         FOR TEMPORARY RESTRAINING ORDER
14                                        AND ORDER TO SHOW CAUSE WHY A
   JEFFREY TUMLIN, officially as Director of   PRELIMINARY INJUNCTION SHOULD NOT
15 Transportation of the San Francisco Municipal   ISSUE
   Transportation agency; the SAN FRANCISCO
16 MUNICIPAL TRANSPORTATION AGENCY;
   CITY & COUNTY OF SAN FRANCISCO;       **(EXPEDITED CONSIDERATION**
17 DAN SCANLAN individually; TEGSCO LLC   **REQUESTED)**
   d/b/a SAN FRANCISCO AUTORETURN; SAN
18 FRANCISCO AUTORETURN LLC;
   PACIFIC GAS AND ELECTRIC COMPANY;     Time: 10:00 am
19 CAMERON A. HALE in his capacity as CEO of   Date: August 21, 2020
   ALVAH CONTRACTORS INC.; ALVAH         Court Room: 6, 17th Floor
20 CONTRACTORS INC.; NELSONS TOW,
21

22

23

24 Defendants.

25

26     COMES NOW, the Plaintiff, and moves the Court pursuant to Rule 65 (b) of the Federal

27 Rules of Civil Procedure and Civil Local Rules 7-10 and 65-1, for (1) a temporary restraining

28                                   - 1 -

order enjoining Defendants from continued possession of the subject Toyota Camry which I have immediate right to possess exclusive of each and every Defendant, further enjoining Defendants from continuing to keep, store, use, sale, transfer, assign, or destroy the subject Toyota Camry until the hearing on order to show cause why a preliminary injunction should not issue for preliminary injunction can be heard, and (2) an order for Defendants DAN SCANLAN, TEGSCO LLC d/b/a AUTORETURN, AUTORETURN SAN FRANCSICO LLC, JEFFREY TUMLIN, SFMTA, and CCSF, to show cause within 14 days why a preliminary injunction should not issue enjoining Defendants from continuing to keep, store, use, sale, transfer, assign, or destroy the subject Toyota Camry until final resolution of this matter on the merits.

## GROUNDS FOR TRO AND PRELIMINARY INJUNCTION

1.      On August 17, 2020 I filed a Complaint for Damages and Injunctive Relief against Defendants and therein making a factual showing that irreparable harm is occurring and is likely to occur prior to the date on which Defendants can be heard in opposition. The Complaint further makes a showing that I am likely to prevail on the merits since the liability of Defendants is clear and convincing as shown in the attached evidence (**Exhibits A-E**) rather then hypothetical or questionable. The Defendants and each of them named in the Complaint were the "persons" responsible and were the direct cause of the injury suffered by myself the Plaintiff from the wrongful taking by Defendants the Toyota Camry [Plate: 6GKC948] in violation of my rights as protected under the Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America, and for committing torts as described in the complaint. The Fourth Amendment applicable by way of the Fourteenth Amendment protects the people from unreasonable searches and seizures which Defendants violated as set out in the Complaint. The Fifth and Fourteenth Amendment protects the people from seizures without notice or an opportunity to be heard which

- 2 -

Defendants have violated resulting in the Deprivation of Property. The Defendants and each of them are clearly responsible in some shape or form for their role in the unreasonable seizure of the subject Toyota Camry without providing any warning, and without giving any notice or opportunity to be heard. Defendants conduct further amounted to strict liability Torts for Conversion and or Trespass to chattel since Defendants exercised dominion and control over the subject property without consent from the owners, and Defendants failed to follow statutory and regulatory procedures    for violating statutory or local regulatory procedure to which Defendants are subject.

2.      I seek an immediate temporary restraining order, and injunction requiring Defendants DAN SCANLAN, TEGSCO LLC d/b/a AUTORETURN, JEFFREY TUMLIN & SFMTA, and their officers, employees, and agents, and all other persons acting in active concert or participation with Defendants, or under Defendants' supervision, direction, or control, and all other persons within the scope of Federal Rule of Civil Procedure 65, to (a) cease from proceeding with any sale, transfer, assignment, destruction, storing, or continued possession of the Toyota Camry which is the subject of this action.

3.      I seek emergency relief because I have a newly born son, and the deprivation aside from causing ongoing panic and emotional distress is actively causing me a continued hardship from the loss of use of the subject automobile. The loss is crippling my ability to travel with my son to and from his grandparents home and other families home approximately 20 - 30 miles in destination. Emergency relief is warranted because the Defendant Dan Scanlan has notified one of the owners via United States Post that intends to sale or dispose of the subject Toyota Camry at any point in time (See **Exhibit "E"**), and therefore irreparable harm will occur from the permanent loss of the property which cannot be replaced with an equal by any regular and ordinary process.

-3

4.      Federal Rule of Civil Procedure 65(b)(1) provides for the issuance of a temporary restraining order without notice, if a party sets forth specific facts in a affidavit or verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. I Plaintiff specified those facts inside the the four corners of the verified Complaint filed August 17, 2020, and inside of an accompanying declaration by me under penalty of perjury. Therefore if Defendants are not restrained and they succeed to sell or dispose of the Subject Toyota Camry before opposition by them is heard, the Application for Restraining Order and Order to Show Cause would be moot and the status quo would not be preserved which is the purpose of a TRO.

5.      In support of this Motion and complying with Civil Local Rule 65-1(2), I submit a Memorandum of law addressing all necessary elements for the entry of a temporary restraining order and preliminary injunction, I also submit a Declaration, a proposed order, an order to show cause, and a verified Complaint.

6.      I and other owners have notified Defendant Dan Scanlan who is an authorized agent for Defendant AUTORETURN by phone at 415-865-8200 on August 17, 2020 at 2:50 pm, and I notified authorized agents of Defendants SFMTA and CCSF to the Office of the Mayor at 415-554-6141 at 2:53 pm the same day, that I intend to apply ex parte for a TRO and Order to Show Cause why an injunction should not issue.

WHEREFORE, for the foregoing reasons, and for those set forth in the supporting Memorandum of Law, Complaint, and papers and exhibits filed in this matter, I the Plaintiff respectfully move that the Court enter a temporary restraining order requiring Defendants, their officers, employees, agents, and all persons acting in active concert or participation with

- 4 -

Defendants, or under Defendants' supervision, direction, or control, and all other persons within the scope of Federal Rule of Civil Procedure 65, to (a) cease from proceeding with holding, keeping, storing, transferring, assigning or attempting to sell or dispose the Subject Toyota Camry, and from depriving me and other owners from immediate possession thereof.

DATED this 18 of August 2020

             Respectful Submitted,

                                                     Plaintiff Marimar Cornejo

- 5

1
2
3
4

Marimar Cornejo
c/o 391 Ellis Street
San Francisco, California 94102
Marimarcornejo95@gmail.com
415-767-6676
in propria persona

5
6
7
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*San Francisco*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

MARIMAR CORNEJO,

      Plaintiff(s),

      vs.

JEFFREY TUMLIN, Officially as Director of
SAN FRANCSICO MUNICIPAL
TRANSPORTATION AGENCY; CITY &
COUNTY OF SAN FRANCISCO, a
municipal corporation; DAN SCANLAN
individually, TEGSCO LLC d/b/a
AUTORETURN, a Oregon limited liability
company; AUTORETURN SF LLC, a
California limited liability company; Bill
Johnson in his capacity as Director of
PACIFIC GAS AND ELECTRIC
COMPANY, a California corporation;
CAMERON A. HALE in his capacity as CEO
of ALVAH CONTRACTORS INC.;
NELSONS TOWING COMPANY,

_____ Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: _____

**PLAINTIFFS MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EMERGENCY
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Time:10:00 am
Date: August 21, 2020
Court Room: 6, 17th Floor

24
25
26
27

      COMES NOW, Plaintiff, and moves the Court pursuant to Rule 65 (b) of the Federal

Rules of Civil Procedure and Civil Local Rules 7-10 and 65-1, for (1) a temporary restraining

order enjoining Defendants from any use, transfer, sale, assignment, or from continuing to

28

- 1 -

possess, keep, store, or destroy the subject Toyota Camry until the hearing for preliminary injunction can be heard, and (2) an order to show cause why a preliminary injunction should not issue enjoining Defendants from the same until final resolution of this matter on the merits.

## I.   INTRODUCTION

This ex parte action is brought to recover property wrongfully taken from the public street by Defendants who had no just cause or legal excuse. The key issues to be considered by this Court in the emergency order, are (a) Whether there was a taking of property to which Plaintiff has an immediate right to possess, (b) whether Defendants gave Plaintiff the required statutory notices before the seizure, (c) whether Defendants are entitled to any immunity from the injunctive relief requested by this motion, (d) whether irreparable harm will occur if the injunction does not issue, and whether the harm will occur prior to Defendants being heard on notice, and (e) if success on the merits is somehow unlikely, then whether there was a sufficient governmental interest in the taking outweighing the irreparable harm and detriment suffered by Plaintiff and other owners, which should prevent the issuing of a restraining order and injunction enjoining Defendants from continuing to possess the Toyota Camry.

In this instant matter here, all others including myself who were in control of the subject Toyota Camry at all times relevant were acting in good faith, and did not contribute to any negligence causing the loss or assume the risk. The car was left parked at a public parking space downtown San Francisco where the only sign anywhere near the car and visible, indicated no parking between 7 am and 4pm since the space was classified as a loading zone. Therefore at the time the car was parked, I and other owners had a reasonable belief that it would be free of any seizure by the Defendants. In fact, any reasonable person would have

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION
CORNEJO v. DAN SCANLAN ET AL

parked in the same spot relying on it being a valid spot to park under those circumstances. Contractors from Defendants ALVAH CONTRACTORS INC., (hereinafter "ALVAH") and PG&E, were negligent because they had a duty to provide notice under Cal. Vehicle Code 22658 and under Article 15, Section 724.3 in the San Francisco Public Works Code but failed to provide that notice. I and other owners were completely unaware and had no warning that Defendants ALVAH and PG&E had purchased a permit and that they intended to tow cars at that particular spot. As a result of Defendants failure to give notice, I and other owners reasonably relied on the fact that the car was not in a construction site and that it would be safe where it was parked. Had I been given notice by Defendants, I and other owners would not have been left the car parked were it was towed from. The fact that notice was not given by Defendants prior to parking of the subject Toyota Camry is clear and convincing (see **Exhibits A-D**). Contractors from Defendant ALVAH who were sub-contractors of PG&E arrived at the scene of the loss and placed a 'notice of towing' near the car at around 7:13 Pm on that same day February 27, 2020 which was several hours after the car was parked (**See Exhibit B**). The same contractors having the prior knowledge that they failed to give statutorily required notice, later contacted SFMTA and requested it's employees tow the car causing it to be taken to a AUTORETURN locked facility controlled by Defendant Dan Scanlan. The SFMTA employee who arrived and initiated a tow could have used reasonable care and done due diligence and obtained the knowledge that Defendants ALVAH & PG&E had only obtained the necessary permit to reserve those spaces at approximately 9 am that same day of the tow, and thus could not have complied with a duty under Article 15, Section 724.3 to place the signage in a visible location near the reserved spot at least 72 hours prior to initiating a tow thereat.

<u>Irreparable Harm Will Occur Before Opposition May Be Heard</u>

- 3 -

I and another owner engaged in communications between Defendant Dan Scanlan and Cameron A. Hale and other persons of ALVAH for nearly two months while displaced in Indiana. During those communications Defendants were notified by us that they made a big mistake and we pleaded with Defendants to give us the car back, and we alerted the natural persons named above that irreparable injury is occurring and will worsen if they keep the car, but they refused and made a mockery of the requests. Defendant Dan Scanlan notified owners and interested parties to the Toyota Camry that he intends to sell it at auction after July 31, 2020 which will result in a complete loss of I and other owners interest therein causing the loss of an item which is not likely to be replaced due to factors such as it's age and overall condition. This particular car cannot be replaced by any regular and normal process and was carefully selected over a two month period which resulted in over 100 hours of research, travel, and consultation with an auto mechanic in order to acquire this used Toyota Camry in the mechanical and cosmetic condition it was in, and for the price it was acquired for. A Toyota Camry from this model year can endure hundreds of thousands of miles of travel if it was well taken care of by the previous owner during the course of its life, which the subject Toyota Camry was well taken care of by its owner who also kept the car clean. After a diligent search on the internet, I could not locate another Toyota Camry of this year and model equal to the one Defendants seized, within 70 miles of my current domicile. Therefore at this day and time in the regular auto market I could not acquire a replacement equal to the car that Defendants wish to sell if Defendants were to pay money damages for the car at the blue book value currently listed. Further as a new mother with a newborn baby, I urgently need use of the car to travel to family members who are located 20-30 miles in distance from where I am domiciled. Without use of the car Defendants wrongfully took from me, I suffered a severe hardship

which substantially impairs my freedom and liberty to travel and move about, causing a substantial amount of emotional distress and suffering. Therefore, if Defendants were required to return the car free of any cost, it would stop the continued irreparable harm caused from the loss of its use, and from the loss of an equal replacement.

## II.  STANDARD FOR TRO

The Standard for issuing a temporary restraining order (TRO) is the same as the standard for issuing a preliminary injunction. See *Dumas v. Gommerman*, 865 F.2db1093, 1095 (9th cir.1989). The purpose of both is to preserve the status quo pending a final determination of the merits of the action. The status quo refers to the last uncontested status that proceeded the pending controversy. Thus, a TRO and preliminary injunction preserve the Districts Courts power to render a meaningful decision on the merits. The Ninth Circuit employs a test under which a TRO and preliminary injunction may be granted if the movant demonstrates either: (1) a probability of success on the merits and irreparable injury; or (2) serious question going to the merits and that the balance of hardships tips sharply in favor of the movant. *"These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases"* (See Idaho Sporting Congress v. Alexander , 222 F.3d 562, 565, (9th cir.2000)(quoting Roe v. Anderson, 134 F.3d 1400, 1402 (9th cir.1998)) These are not two separate test but merely extremes of a single continuum. (see *Fund for Animals, Inc. v. Lujan,* 962 F.2d 1391, 1401 (9th Cir.1992)) *"If the balance of harm tips decidedly toward Plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly."* (see Alaska v. Native Village of Venitie, 856 F.2d 1384, 1389 (9th cir.1988)) (quoting Aguirre v. Chula Cista Sanitary Serv., 542 F.2d 779 (9th Cir.1976)) When the public interest is involved, a district court must examine whether that public

– 5 –

1   interest favors the plaintiff. (see *Fund for Animals, inc. V. Lujan*, 962 F.2d 1391, 1401 (9th

2   Cir.1992))

3

4                                    III. **ARGUMENT**

5          As set out in the complaint, the Defendants had a statutory duty to provide notice of

6   towing and failed to do so, showing that they did not follow the statutory procedure which was

7   designed to protect someone such as myself from the surprise of having property seized without

8   prior warning. District Courts have recognized that the seizure of the car alone constitutes

9   irreparable injury, (see Monterey Mech. Co v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997))

10  ("alleged constitutional infringement will often alone constitute irreparable harm"); (Mills v.

11  District of Columbia, 571 F.3d 1304, 1312 (D.C. cir. 2009)) (loss of 4th amendment freedoms,

12

13  "for even minimal periods of time, unquestionably constitutes irreparable injury) (citing Elrod v.

14  Burns, 427 U.S. 347, 373 (1976). In this instant matter, the seizure and ongoing possession by

15  Defendants of the subject Toyota Camry itself has caused significant emotional distress from

16  continued panic, shock, and fear of permanent loss of the car aside from the suffering related to

17  the loss of its use. Not only do the facts of this case show that I was innocent of any wrongdoing

18  and that I did not contribute to the loss of my property or assume the risk, it further shows that

19  the Defendants and each of them were acting in bad-faith with the intent to profit from the loss of

20  my automobile, and even after Defendants were provided surveillance evidence proving the

21  validity of the lack of notice given by Defendants, all Defendants remained silent except for

22  Defendant Dan Scanlan who made a mockery of the Evidence and refused to return the property.

23

24  **a. <u>The Car was Taken in Violation of the Fourth Amendment</u>**

25         Defendants CCSF and SFMTA had no warrant or probable cause to seize the car

26  because it was not involved in any crime and it was not alleged by any person under oath that it

27

28                                                        – 6 –

was involved in any crime, and it was not a traffic exigency or public hazard. The Fourth

Amendment protects the rights of the people to be free from "unreasonable" "searches" and

"seizures". SFMTA Defendants were acting under color of state law when they towed the car

because *inter alia* they towed the car under the presumed use of Police Power codified in the

California Vehicle Code Section 22651 which sets forth the only reasons known to myself that

a car may be removed by a public entity from the street or private property. Defendants here,

failed to provide any warning or notice, and therefore were negligent and were acting in bad

faith with unclean hands when they towed the car, further showing the taking was unreasonable

in a manner prohibited by the Fourth Amendment which is binding on Defendants through the

Fourteenth Amendment. Therefore success on the merits is likely and good cause exist for this

Court to issue the requested TRO and Order to show cause.

### b. The Car was taken without warning, and without notice or opportunity to be heard in violation of the Fifth and Fourteenth Amendments

The Fifth and Fourteenth Amendments protect the people from seizures done without

due process of law from state and federal persons, thus prohibiting Defendants from engaging

in the type of unreasonable seizure without Due Process of Law they did in this instant matter.

*"The central meaning of procedural due process is well settled, Persons whose rights may be*

*affected are entitled to be heard; and in order that they may enjoy that right, they must first be*

*notified."* (see *Baldwin v. Hale,* 1 Wall. 223, 17 L.Ed. 531 (1864)). This right to notice is a

core element of due process of law which is further recognized by the landmark case "Fuentes

v. Shevin 407 U.S. 67, 92 S.Ct. 1983 (1972) where it states, "*Constitutional right to be heard*

*is basic aspect of duty of government to follow a fair process of decision making when it acts*

*to deprive a person of his possessions; purpose of requirement is not only to ensure abstract*

*fair play to the individual but to protect his use and possession of property from arbitrary*

– 7 –

*encroachment—to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the state seizes goods simply upon application of and for benefit of private party."*

In this Instant matter here, SFMTA and private party Defendants ALVAH and PG&E towed the car without first providing any warning or notice, and without providing a hearing prior to the seizure, and they did not have any legal process, thus depriving me and other owners of the immediate right to possession thereof without Due process of law violating the Fifth Amendment, the Fourteenth Amendment, and the California Constitution Article 1 Section 7, Clause 15. SFMTA employees are "persons" and deemed to be state actors for purposes of liability under Title 42 USC Section 1983, and their involvement in this towing here makes this a Constitutional Tort rather than just a common law act of Conversion and Trespass thus setting up a Federal Question. Other Cases affirming the right to due process are Goldberg v. Kelly 397 U.S. 254, 90 S.Ct. 1011 (1970), and Grannis v. Ordean, 234 U.S. 385 (1914).

The official reason given by the SFMTA for the Tow was "TRC7.246 TRC7.246 - Construction Zone," and was not based on any municipal fines claimed to be owed to Municipal Defendants CCSF or SFMTA. However even if the tow was based on municipal fines claimed to be owed to Defendants CCSF, it was held in the Case USA v. Vertol H21C REGISTRATION No. N8540, 545 F. 2d 648 (1976), that it violated the Due Process Clause of the 5th and 14th Amendments for a government to seize property without first providing notice and an opportunity to be heard when the purpose of the seizure was solely to collect a monetary fine owed to the Government. This clarifies that seizures for parking fines and citations must be done only after notice and opportunity to be heard, showing that a monetary

- 8 -

fine owed to a government is not a sufficient government interest and justifiable cause to take private property without notice and an opportunity to be heard. *"To justify postponing notice and opportunity for a hearing before deprivation of property interest on basis of an extraordinary situation, the situation must be truly unusual" (see Fuentes v. Shevin supra).* Here the it was truly unusual, but not in a manner aiding Defendants under *Fuentes v. Shevin*, but in a manner showing an unacceptable and unimaginable deprivation of property completely blindsiding myself and other owners allowing us no option to have avoided the injury.

To add insult to the injury, on my personal knowledge, the SFMTA does not provide adequate Constitutional safeguards by any post-deprivation process because Constitutional issues cannot be raised or heard at the administrative venue where 'tow hearings' and 'boot hearings' occur, and the said venue is prejudiced and biased against the parties appearing since the referees are paid by the Municipal Corporation that Seizes the vehicles, thus ensuring that a party will likely be found liable at such a hearing. A party using the voluntary hearings may be subject to the Rokerfieldman doctrine later inside of a United States Courthouse. The balance of Equity tips sharply in favor of plaintiff who was in good faith with clean hands while Defendants have caused injury in bad faith in non compliance with statutory and local regulations.

### c. The Taking of the Car by Defendants Constituted an Intentional Tort

Conversion is the wrongful exercise of dominion over the property of another, (see Avidor v. Sutter's Place, Inc., 212 Cal. App. 4th 1439, 1452, 151 Cal. Rptr. 3d 804, 20 Wage and Hour Cas. 2d (BNA) 1509 (6th Dist. 2013)). Conversion is a Strict Liability Tort, (see Los Angeles Federal Credit Union v. Madatyan, 209 Cal. App. 4th 1383, 1387, 147 Cal. Rptr. 3d 768 (2d Dist. 2012)). The Foundation for an action for conversion rests neither in the

- 9 -

knowledge nor the intent of the defendant. Instead, the tort consists in the breach of what may be called an absolute duty; the act itself is unlawful and redressable as a tort. (See Moore v. Regents of University of California, 51 Cal. 3d 120, 144 n.38, 271 Cal. Rptr. 146, 793 P.2d 479, 61 Ed. Law Rep. 292, 15 U.S.P.Q.2d 1753, 16 A.L.R.5th 903 (1990); Los Angeles Federal Credit Union v. Madatyan, 209 Cal. App. 4th 1383, 1387, 147 Cal. Rptr. 3d 768 (2d Dist. 2012)). Questions of good-faith, lack of knowledge, and motive are ordinarily immaterial, (see Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 544, 50 Cal. Rptr. 2d 810 (3d Dist. 1996), as modified on denial of reh'g, (Apr. 10 1996)).

As stated in the verified Complaint, the Defendants AUTORETURN, CCSF, and SFMTA by and through it's employees and agents have committed the Tort of Conversion and are strictly liable since they lacked any consent to remove car, and they otherwise had no justifiable legal basis to take possession of the car being non-owners and non-interested parties, and not sustaining any injury by the property. Therefore, the balance of likelihood of success on the merits tips sharply in favor of Plaintiff since to allow Defendants to remain in possession of the car and subsequently sell it would be unfair and inequitable, and would amount to unjust enrichment of Defendants since they have committed acts which were negligent and oppressive causing the wrongful seizure of the subject Automobile when Defendants had no legal or lawful basis.

### d. Defendants Would Not be Injured If This Injunction Should Issue With or Without Notice

The Defendants in this instant matter could not suffer any injury if this Court acts to grant this application and enjoin Defendants as requested therein. To the contrary, if any injury could occur to the Defendants then it is based on their own negligence and bad-faith actions which set up their unfounded reliance that they could sell the car, thus barring them from

- 10 -

obtaining any equitable relief by the doctrine of unclean hands. The Defendants here are not owners of the subject automobile and had no right to its possession or use at the time they wrongfully took it, and therefore cannot without the consent of myself and other owners obtain any rights thereafter. If Defendants were to be ordered to return the Toyota Camry to my possession free of cost, then their losses would be limited only to the amount in storage charges they prospectively could have recovered, or in any agreements they made with any prospective investors or buyers of the subject automobile, and any cost related to labor of employees in maintaining the storage which all could have been prevented if Defendants would have returned the car the same day they received a request from myself and other owners.

## IV.  PLAINTIFFS LIKELY TO SUCCEED ON THE MERITS

In *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), Quoting *Goldberg v. Kelly*, supra, 397 U.S., at 263-271, 90 S.Ct., at 1018-1022, "*identification of the specific dictates of due process generally requires consideration of three distinct factors: private interest that will be affected by official action; risk of erroneous deprivation of such interest through procedures used, and probable value, if any, of additional or substitute procedural safeguards; and government's interest, including function involved and fiscal and administrative burdens that additional or substitute procedural requirements would entail.*" Here, Defendants cannot justify a compelling governmental reason that would outweigh the damage and irreparable harm caused to myself by the seizure of my car as stated in the complaint and as set out in this Memorandum of Points and Authorities and in all other records filed in this matter. Further no administrative burden on Defendants could be so offending as to prevent the Defendants from giving notice and opportunity to be heard prior to the deprivation of the Toyota Camry.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION
CORNEJO v. DAN SCANLAN ET AL

In Chapter 100, section 100.1(b) of the Administrative Code of the Charter of the CITY AND COUNTY OF SAN FRANCISCO, it specifies that the imposition of administrative fines is not intended to be punitive in nature, but is instead intended to compensate the public for the injury and damage caused by the prohibited conduct. It further states that administrative fines are intended to be reasonable and not disproportionate to the damage or injury to the public caused by the prohibited conduct. Here, my parked car was not a danger to the public, was not a public safety hazard, and was not a traffic exigency, and was not part of a crime. However, employees of Defendant SFMTA issued a fine to the car at approximately 8:46 p.m., and towed the car at approximate 9:13 pm based on the reason for which the citation was issued. *"There are "extraordinary situations" that justify postponing notice and opportunity for a hearing. These situations, however, must be truly unusual. Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing."* (*Fuentes v. Shevin*, 407 U.S. 67, 90, 92 S.Ct. 1983, 1999, 32 L.Ed.2d 556 (1972))

Here Defendants had no justifiable excuse to tow the car and the Construction workers who initiated the tow did not secure or use the empty space where the car was towed from after its towing, and there were other cars parked in that same space near the time when I discovered the loss at approximately 11 pm. Considering the facts of this case and the surveillance evidence attached hereto, there is clear and convincing evidence which show that Defendants failed to place any notice before the car was parked, the ticketing and towing occurred after the failure to place notice, and thus the taking was wrongful as a matter of fact and law visible from the facts and evidence apart of the record.

## V.  CONCLUSION

Pursuant to Federal Rules of Civil Procedure Rule 65 (b), it authorizes issuance of a temporary restraining order without written or oral notice to the adverse party of its actions if:

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION
CORNEJO v. DAN SCANLAN ET AL

1
2
3
4

(a) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

5
6
7
8
9

    I the Plaintiff in good-faith have demonstrated irreparable harm that is occurring and will continue to occur if Defendants are not enjoined as described in the application and proposed order. Therefore based on the Complaint, Memorandum, Application, and the Declaration, Plaintiff's Application for TRO and Order to Show Cause should be granted.

10
11
12

    DATED this 18th of August 2020
        Respectfully Submitted,

13
14
15

                _____
                      Plaintiff Marimar Cornejo

16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION
CORNEJO v. DAN SCANLAN ET AL

1  Marimar Cornejo
   c/o 391 Ellis Street
2  San Francisco, California 94102
   Marimarcornejo95@gmail.com
3  415-767-6676
   in propria persona
4

5

6              **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8                      *San Francisco*

9

10 MARIMAR CORNEJO, an individual,          CASE NO.:

11

12              Plaintiff,

13     vs.                                  DECLARATION of Marimar Cornejo in support
                                            of EX PARTE APPLICATION FOR TRO AND
14                                          ORDER TO SHOW CAUSE WHY A
   JEFFREY TUMLIN, officially as Director of PRELIMINARY INJUNCTION SHOULD NOT
15 Transportation of the San Francisco Municipal ISSUE
   Transportation agency; the SAN FRANCISCO
16 MUNICIPAL TRANSPORTATION AGENCY;         **(EXPEDITED CONSIDERATION**
   CITY & COUNTY OF SAN FRANCISCO;          **REQUESTED)**
17 DAN SCANLAN individually; TEGSCO LLC
   d/b/a SAN FRANCISCO AUTORETURN; SAN
18 FRANCISCO AUTORETURN LLC;  PACIFIC       Time:10:00 am
   GAS AND ELECTRIC COMPANY;                Date: August 21, 2020
19 CAMERON A. HALE in his capacity as CEO of Court Room: 6, 17th Floor
   ALVAH CONTRACTORS INC.; ALVAH
20 CONTRACTORS INC.; NELSONS TOW,
21
22              Defendants.
23

24

25 I Marimar Cornejo declare the following:

26     1.    Jamil and I are owners of the subject Toyota Camry Taken by Defendants, and were

27 injured by the wrongful acts of the Defendants as set out in the complaint and Application for

28
   Declaration of Marimar Cornejo in support of              - 1 -
   ex parte application for TRO and Preliminary Injunction
   Cornejo v. Dan Scanlan et al

Temporary Restraining order, and I am in fact suffering irreparable harm and will continue to suffer irreparable harm as set out in the complaint and other papers filed with the Court.

2.    The Defendants did in fact seize my automobile on February 27, 2020 from the street commonly known as Ellis Street, at the cross street commonly known as Powell Street at San Francisco California, and they gave no warning or notice.

3.    The Surveillance video was provided by the Custodian of Records of 'the Flood Building located nearby the scene, and on my information and belief was taken from the original footage and copied on to a USB Drive which I purchased, and was mailed to me where I was temporarily displaced at State Indiana.

4.    I was shocked and devastated when I found out the car was gone after jamil went to check on it while I was cooking food nearby on Market Street. At the time I was approximately 6 Months pregnant and experiencing symptoms such as swollen ankles and feet, and difficulty breathing, and otherwise could not walk for long periods of time.

5.    As a result of the taking of my car by Defendants, I am scared to park anywhere at all, and feel severe anxiety and apprehension each time I park a car somewhere even if the sign says its ok to park. I Further am unable to travel regularly to my mothers house and father house in the East Bay Area where I can receive assistance with raising my son.

6.    Defendants CCSF and DAN SCANLAN & AUTORETURN were notified about my application for TRO and Order to Show Cause on August 17, 2020 and Defendants ALVAH and PG&E were notified on August 18, 2020, and there is no response as to whether Defendants wish to oppose the Application.

7.    I declare under penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowlege and is within my personal knowledge.

Declaration of Marimar Cornejo in support of
ex parte application for TRO and Preliminary Injunction
Cornejo v. Dan Scanlan et al                                            - 2 -

Respectful Submitted,

_____

Plaintiff Marimar Cornejo

Declaration of Marimar Cornejo in support of
ex parte application for TRO and Preliminary Injunction
Cornejo v. Dan Scanlan et al

# EXHIBIT A

# Exhibit A

**Subject**: 1998 Toyota Camry
**File date:** 2/27/2020
**File Time:** 4:59 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



# EXHIBIT B

# Exhibit B

**Subject:** 1998 Toyota Camry
**FIle Date:** 2/27/2020
**File Time:** 7:10:48 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



# EXHIBIT C

# Exhibit C

**Subject**: 1998 Toyota Camry
**File date**: 2/27/2020
**File Time**: 8:46:36 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California



# EXHIBIT D

# Exhibit D

**Subject**: 1998 Toyota Camry
**File date**: 2/27/2020
**File Time**: 9:35:36 P.M.
**Location**: At Ellis Street at Powell Street, San Francisco California

`



# EXHIBIT E



**AutoReturn**

450 7ᵗʰ Street
San Francisco, CA 94103

June 30, 2020

Jamil Bey
391 Ellis St.
San Francisco CA 94102
Claim # 20200227A0084

Dear Mr. Bey,

This letter is in regard to a hand delivered letter and or claim on June 29ᵗʰ 2020 filed at AutoReturn. AutoReturn must deny your claim in its entirety.

AutoReturn cannot return your car to you without proper payment or a written waiver from the SFMTA. While your car is physically located inside our impound lot, it cannot be released without proper documentation and or payment.

You must dispute the appropriateness of the tow and or the charges due with the SFMTA.

We cannot honor the lien opposition you filed with us on June 29ᵗʰ, 2020. The instructions printed on the opposition form clearly state you have ten days from the date of the notice (in this case March 9ᵗʰ, 2020) to file the opposition. AutoReturn understands these are unique times at this moment and will provide an additional courtesy Hold to provide you the opportunity to reclaim your car. The courtesy Hold will expire on July 31ˢᵗ, 2020.

As stated in the second sentence above, we are denying your claim for reimbursement of rental car and other transportation expenses. At no time did we ever agree to those expenses as you suggest in your letter. It certainly would appear those expense were incurred as a result of your car being impounded; however the car being impounded was at the direction of the SFMTA. AutoReturn towed the car and have stored it until it is released or sold at auction as part of our contract with the SFMTA. As stated above, only the SFMTA has the authority to waive fees due on your car. When you speak to them you should also inquire about unpaid citations that may also be due on the car. According to our records on April 10ᵗʰ 2020, you were told there was 14 unpaid citations totaling $2,580.00 due. The amount may have gone up since then.

In summary your claims are being denied and you must discuss any release and or waiver of fees (for both the release of the car and unpaid citations) with the SFMTA. Your Opposition to the Lien Sale of your car cannot be honored but we are providing a courtesy Hold on the car for another month to allow you time to make the necessary arrangements for the release of your car.

If you feel we may have overlooked any evidence pertaining to this claim please feel free to call us with any additional information.

Sincerely,

Dan Scanlan
VP Towing & Quality Assurance
San Francisco AutoReturn
Phone: 415-575-2357
Fax: 415-865-8201
E-mail: Claims@AutoReturn.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

MARIMAR CORNEJO et al )
)
)
)
_____ )
Plaintiff(s) )
v. )   Civil Action No.  **CV20  5813**
DAN SCANLAN et al )
)
)
_____ )
Defendant(s) )

*TSH*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NELSONS TOW
1195 Quesada Ave
San Francisco, CA 94124


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 Ellis Street
San Francisco, CA 94102


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


CLERK OF COURT   **ANNA SPRINKLES**

Date:   AUG 1 7 2020   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

MARIMAR CORNEJO et al

)
)
)
)
_____ )
*Plaintiff(s)* )
v. )
DAN SCANLAN et al )
)
)
_____ )
*Defendant(s)* )

TSH

**cv20   5813**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ALVAH CONTRACTORS INC
220 South Spruce, Suite 100
South San Francisco, CA 94080

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 Ellis Street
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT   **ANNA SPRINKLES**

Date:   AUG 1 7 2020   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

MARIMAR CORNEJO et al

_Plaintiff(s)_

v.

DAN SCANLAN et al

_Defendant(s)_

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.   **CV20**   5813   _TSH_

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   CAMERON A. HALE
220 South Spruce, Suite 100
South San Francisco, CA 94080

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    MARIMAR CORNEJO
391 Ellis Street
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

**ANNA SPRINKLES**

Date:   AUG 1 7 2020

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

MARIMAR CORNEJO et al

)
)
)
)
)
)
)
)
)
)
)
)

Plaintiff(s)

v.

DAN SCANLAN et al

Civil Action No. CV20 5813 TSH

Defendant(s)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PACIFIC GAS AND ELECTRIC COMPANY
77 Beale Street 30th Floor
San Francisco, CA 94105

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

ANNA SPRINKLES

Date: _____

AUG 1 7 2020

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

MARIMAR CORNEJO et al

)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*

v.

DAN SCANLAN et al

*Defendant(s)*

*TSH*

Civil Action No. **CV20   5813**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SAN FRANCISCO AUTORETURN LLC
450 7th Street
San Francisco, CA 94103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**ANNA SPRINKLES**

Date: _____

AUG 1 7 2020

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

MARIMAR CORNEJO et al                 )
                                      )
                                      )
                                      )
_____      )
                                      )
            *Plaintiff(s)*              )
            v.                        )
DAN SCANLAN et al                      )
                                      )
                                      )
                                      )
_____      )
            *Defendant(s)*              )

**CV20   5813**

TSH

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   TEGSCO LLC d/b/a SAN FRANCISCO AUTORETURN
450 7th Street
San Francisco, CA 94103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   AUG 1 7 2020

**ANNA SPRINKLES**
_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

MARIMAR CORNEJO et al

)
)
)
)

_____
_Plaintiff(s)_
v.
DAN SCANLAN et al

)
)
)
)
)
)

Civil Action No. CV20   5813   TSH

_____
_Defendant(s)_

)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  CITY AND COUNTY OF SAN FRANCISCO
1 Dr Carlton B Goodlett Pl #200
San Francisco, CA 94102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____AUG 1 7 2020_____

ANNA SPRINKLES
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

MARIMAR CORNEJO et al

)
)
)
)

_____

_Plaintiff(s)_

)
)

Civil Action No.

v.

DAN SCANLAN et al

)
)
)

**CV20    5813**

TSH

)
)
)

_____

_Defendant(s)_

)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   DAN SCANLAN
450 7th Street
San Francisco, CA 94103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____AUG 1 7 2020_____

**ANNA SPRINKLES**
_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

MARIMAR CORNEJO et al
)
)
)
)
)
)
*Plaintiff(s)*
)
v.
)   Civil Action No.
DAN SCANLAN et al
)
)   **CV20**   **5813**   TSH
)
)
*Defendant(s)*
)

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY
11 South Van Ness Ave
San Francisco, CA 94103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**ANNA SPRINKLES**

Date: _____ AUG 1 7 2020 _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 8/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

MARIMAR CORNEJO et al

)
)
)
)
)
)
)
)
)
)
)
)

_Plaintiff(s)_

v.

DAN SCANLAN et al

\

_Defendant(s)_

TSH

**CV20    5813**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   JEFFREY TUMLIN
11 South Van Ness Ave
San Francisco, CA 94103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARIMAR CORNEJO
391 ELLIS STREET
San Francisco, CA 94102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
**ANNA SPRINKLES**

Date:   AUG 1 7 2020

_Signature of Clerk or Deputy Clerk_