United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIMAR CORNEJO,

Plaintiff,

v.

JEFFREY TUMLIN, et al.,

Defendants.

Case No.  20-cv-05813-CRB

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAIING ORDER**

Pro se Plaintiff Marimar Cornejo has filed an application for a temporary restraining order (TRO) against Defendants Jeffrey Tumlin, Director of Transportation of the San Francisco Municipal Transportation Agency, San Francisco Transportation Agency, City & County of San Francisco, Dan Scanlan, Tegsco LLC d/b/a San Francisco Autoreturn, San Francisco Autoreturn LLC, Pacific Gas & Electric Co., Cameron A. Hale in his capacity as CEO of Alvah Contractors Inc., Alvah Contractors Inc., and Nelsons Tow.  See App. (dkt. 2).  Cornejo's claims stem from the alleged towing of Cornejo's Toyota Camry in February of 2020 "without providing any warning, and without giving any notice or opportunity to be heard." Id. ¶ 1; id. at 8 of 42.[1]

Cornejo alleges that Cornejo has "a newly born son, and the deprivation aside from causing ongoing panic and emotional distress is actively causing me a continued hardship from the loss of use of the subject automobile." Id. ¶ 3.  Cornejo also alleges that Defendant Scanlon

---

[1] Specifically, Cornejo alleges that Cornejo parked the car in a public parking space in San Francisco near a sign that said, "no parking between 7 am and 4 pm," and that the car was towed because Defendants Alvah and PG&E had purchased a permit and intended to tow cars from that spot.  See id. at 7 of 42– 8 of 42.  Contractors from Alvah allegedly placed a "notice of towing" near the car at 7:13 PM, several hours after the car was parked, and initiated a tow request without having complied with a requirement that they place signage in a visible location near the spot at least 72 hours prior to initiating the tow. Id. at 8 of 42.

United States District Court
Northern District of California

1  "intends to sale or dispose of the subject Toyota Camry at any point in time . . . and therefore

2  irreparable harm will occur from the permanent loss of the property which cannot be replaced with

3  an equal by any regular and ordinary process." Id.[2]  Cornejo asks the Court to enjoin Defendants

4  "from proceeding with holding, keeping, storing, transferring, assigning or attempting to sell or

5  dispose the [car] and from depriving [Cornejo] from immediate possession thereof." Id. at 4–5.

6       A TRO is an "extraordinary remedy" that should only be awarded upon a clear showing

7  that the plaintiff is entitled to such relief.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S.

8  7, 22 (2008).  The party seeking a TRO must establish: (1) a likelihood of success on the merits;

9  (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in

10  the plaintiff's favor; and (4) that an injunction is in the public interest.  See id. at 20.

11  Alternatively, the moving party must demonstrate that "serious questions going to the merits were

12  raised," "the balance of hardships tips sharply in the plaintiff's favor," and the other two Winter

13  elements are met.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

14       While it is not clear whether Cornejo is likely or unlikely to succeed on the merits,[3]

15  Cornejo has not demonstrated a likeliness of irreparable harm.  Cornejo argues that "irreparable

16  injury is occurring and will worsen if they keep the car," and that the car cannot be replaced

17  because it was "carefully selected over a two month period which resulted in over 100 hours of

18  research, travel, and consultation with an auto mechanic" and that the subject Toyota Camry was

19  well taken care of by its owner who also kept the car clean." App. at 9 of 42.  Cornejo continues:

20  "After a diligent search on the internet, I could not locate another Toyota Camry of the year and

21

22  _____

23  [2] Elsewhere the Application states that Scanlan intends to sell the car at auction "after July 31,
2020." Id. at 9 of 42.  It is now mid-August; it is not clear to the Court whether a sale has already
taken place.

24  [3] This Court dismissed a similar case brought by Cornejo in 2017.  In that case, Cornejo sued
Teresa Moran, the City & County of San Francisco, and Auto Return, alleging constitutional

25  deprivations in connection with the "booting" of her car.  See generally Compl. (dkt. 1) in Case
No. 17-cv-4664.  After denying a requested TRO, see Order Denying Request for TRO (dkt. 9) in

26  Case No. 17-cv-4664, the Court denied a requested preliminary injunction, and dismissed all
claims, holding that the Court lacked jurisdiction over the claims under the Rooker-Feldman

27  doctrine, because the case was essentially an appeal of a hearing officer's determination that the
City properly impounded Cornejo's car, see Order Denying MPI and Granting MTD (dkt. 21) in

28  Case No. 17-cv-4664.  It is not clear to the Court from the present filings whether Cornejo has
engaged in any administrative challenge to the February 2020 tow.

United States District Court
Northern District of California

1   model equal to the one Defendants seized, within 70 miles of my current domicile."  Id.  Cornejo

2   elsewhere argues that "District Courts have recognized that the seizure of the car alone constitutes

3   irreparable injury."  Compl. (dkt. 1) ¶ 59 (citing Monterey Merch. Co. v. Wilson, 125 F.3d 702,

4   715 (9th Cir 1997); Mills v. District of Columbia, 571 F.3d 1304, 1312 (D.C. Cir. 2009)).[4]

5          The Court will not presume irreparable injury simply because Cornejo alleged a

6   constitutional injury.  As Judge Chesney of this district has explained,

> [A]ny . . . presumption [of irreparable injury] . . . has not been applied
> uniformly to all constitutional claims.  See [Associated General
> Contractors v. Coalition for Economic Equity, 950 F.2d 1401 (9th Cir.
> 1991)] (citing, as an example, Northeastern Florida Chapter of Ass'n
> of Gen. Contractors v. Jacksonville, Fla., 896 F.2d 1283 (1990));
> Northeastern Florida Chapter, 896 F.2d at 1286 (observing, "[t]he
> only area of constitutional jurisprudence where we have said that an
> on-going violation constitutes irreparable injury is the area of first
> amendment and right of privacy jurisprudence"; explaining, "[t]he
> rationale behind these decisions was that chilled free speech and
> invasions of privacy, because of their intangible nature, could not be
> compensated for by monetary damages"); see also Los Angeles v.
> Lyons, 461 U.S. 95, 111 (1983) (holding, in case where plaintiff
> asserted Fourth Amendment excessive force claim, plaintiff not
> entitled to injunction "absent a showing of irreparable injury").
> Consequently, the Court next considers whether plaintiffs have
> submitted sufficient evidence to support a finding that they are likely
> to suffer irreparable injury. . . .

16  See Stevenson v. City & Cty. of San Francisco, No. 11-4950 MMC, 2016 WL 2993104, at *2

17  (N.D. Cal. Mar. 29, 2016); see also Woodfin Suite Hotels, LLC v. City of Emeryville, No. 06-

18  1254 SBA, 2006 WL 2739309, at *11–12 (N.D. Cal. Aug 23, 2006) (noting that Associated

19  General Contractors, 950 F.2d at 1412, "reserved the question whether a presumption arises in

20  cases where a plaintiff, as here, has asserted primarily economic damage" and holding that

21  plaintiffs failed to make an adequate showing).

22          Although Cornejo references constitutional deprivations under the Fourth, Fifth, and

23  Fourteenth Amendments, see App. at 11 of 42– 14 of 42 (in addition to several state law torts), the

24  primary harm that Cornejo complains of is economic: the loss of the car, see id. at 9 of 42, and

25

26  _____

27  [4] Neither case is a district court decision and neither involves the towing of a parked car.  See
    Monterey Merch. Co., 125 F.3d 702 (involving unsuccessful bidder on construction project
    challenging statute based on equal protection violation); Mills, 571 F.3d 1304 (involving Fourth
28  Amendment challenge to neighborhood safety zone program in which citizens were denied the
    right to drive upon public streets if they failed to provide personal information to police).

1   expenses relating to replacing the car, see Compl. ¶ 61 ("I and another owner suffered loss of

2   earnings in the sum approximate of $3500, and out of pocket expenses of $203.57, and were

3   required to rent a car during the days of March 3, 2020 through July 7, 2020 incurring expenses of

4   $4,003.41."). Notwithstanding Cornejo's protestations that the car is irreplaceable, see App. at 9

5   of 42, a Toyota Camry is not a rare piece of jewelry. See Fed. Trade Comm'n v. Kutzner, No.

6   CV1600999BROAFMX, 2017 WL 5188334, at *9 (C.D. Cal. Mar. 10, 2017) ("the harm to

7   Defendant Foti of selling valuable and unique pieces of jewelry that he will likely be unable to

8   recover should he be found not liable in this case, is irreparable.") (citing United States v. Kaplan,

9   839 F.3d 795, 801 (9th Cir. 2016) ("discussing the intangible, sentimental nature and difficulty in

10  replacing certain personal property"). Assuming Cornejo prevails on the merits, the losses

11  associated with the improper towing of the car could be quantified.

12          Because Corjeno cannot meet the Winter factors, see 555 U.S. at 22, the Application for a

13  TRO is DENIED.

14          **IT IS SO ORDERED.**

15      Dated: August 20, 2020

16                                                                      CHARLES R. BREYER
                                                                        United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

4