G. SCOTT EMBLIDGE, State Bar No. 121613
EVANS M. ROSENBAUM, State Bar No. 310414
MOSCONE EMBLIDGE & RUBENS LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006
Email:       emblidge@mosconelaw.com
             rosenbaum@mosconelaw.com

Attorneys for Defendants Dan Scanlan,
TEGSCO LLC dba San Francisco AutoReturn,
and Nelsons Tow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MARIMAR CORNEJO, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JEFFREY TUMLIN, officially as Director of Transportation of the San Francisco Municipal Transportation Agency; THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY; CITY & COUNTY OF SAN FRANCISCO; DAN SCANLAN, individually; TEGSCO LLC d/b/a/ SAN FRANCISCO AUTORETURN; SAN FRANCISCO AUTORETURN LLC; PACIFIC GAS AND ELECTRIC COMPANY; CAMERON A. HALE in his capacity as CEO of ALVAH CONTRACTORS INC.; ALVAH CONTRACTORS INC.; and NELSONS TOW,<br><br>        Defendants. | Case No.: 3:20-cv05813-CRB<br><br>**DEFENDANTS DAN SCANLAN'S, TEGSCO LLC D/B/A SAN FRANCISCO AUTORETURN'S, AND NELSON TOW'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Dan Scanlan, TEGSCO LLC d/b/a San Francisco AutoReturn, and Nelsons Tow ("AutoReturn Defendants") answer Plaintiff's Complaint ("Complaint") as follows:

## INTRODUCTION

1.  AutoReturn Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 1.  AutoReturn Defendants admit only that Plaintiff "bring[s] this suit for damages and injunctive relief" and denies the remainder of the allegations in Paragraph 1.

2.  AutoReturn Defendants admit the automobile was taken.  AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the remainder of the first sentence of Paragraph 2 and, on that basis, deny each and every allegation contained therein.  AutoReturn Defendants admit that the car is now being held by TEGSCO LLC.

3.  Paragraph 3 contains legal theories and conclusions to which no response is required. To the extent Paragraph 3 contains factual allegations, AutoReturn Defendants deny each and every allegation in Paragraph 3.

4.  Paragraph 4 contains legal theories and conclusions to which no response is required.  To the extent Paragraph 4 contains factual allegations, AutoReturn Defendants deny each and every allegation in Paragraph 4.

5.  Paragraph 5 contains legal theories and conclusions to which no response is required.  To the extent Paragraph 5 contains factual allegations, AutoReturn Defendants deny each and every allegation in Paragraph 5.

6.  Paragraph 6 contains legal theories and conclusions to which no response is required.  To the extent Paragraph 6 contains factual allegations, AutoReturn Defendants deny each and every allegation in Paragraph 6.

7.  Paragraph 7 contains legal theories and conclusions to which no response is required.  To the extent Paragraph 7 contains factual allegations, AutoReturn Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

8. Paragraph 8 contains legal theories and conclusions to which no response is required. To the extent Paragraph 8 contains factual allegations, AutoReturn Defendants deny each and every allegation in Paragraph 8.

9. AutoReturn Defendants deny each and every factual allegation contained in Paragraph 9, except that AutoReturn Defendants admit that Plaintiff did not give or deny consent to take the car.

10. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first portion of Paragraph 10 and, on that basis, deny the allegations. AutoReturn Defendants admit only that Plaintiff's car was towed "to a locked facility controlled by [AutoReturn Defendants]."

11. Paragraph 11 contains legal theories and conclusions to which no response is required. To the extent Paragraph 11 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

12. Paragraph 12 contains legal theories and conclusions to which no response is required. To the extent Paragraph 12 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

13. Paragraph 13 contains legal theories and conclusions to which no response is required. To the extent Paragraph 13 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

14. Paragraph 14 contains legal theories and conclusions to which no response is required. To the extent Paragraph 14 contains factual allegations, AutoReturn Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

15. Paragraph 15 contains legal theories and conclusions to which no response is required. To the extent Paragraph 15 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

16. Paragraph 16 contains legal theories and conclusions to which no response is required. With respect to the factual allegations of Paragraph 16, AutoReturn Defendants admit that as of the date of the Complaint, the storage charges for the Plaintiff's car were $11,190.50. AutoReturn Defendants deny the remainder of the allegations contained in Paragraph 16, including that there was any wrongful possession of Plaintiff's automobile.

17. AutoReturn Defendants admit only that several written demands were given to AutoReturn Defendants and that AutoReturn Defendants continued to hold the property. AutoReturn Defendants deny the remainder of the allegations contained in Paragraph 17.

18. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and the photograph in Exhibit A of the Complaint and, on that basis, deny the allegations contained therein. AutoReturn Defendants further lack knowledge or information sufficient to form a belief as to the authenticity of the photograph in Exhibit A and, on that basis, deny its authenticity.

19. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and the photograph in Exhibit B of the Complaint and, on that basis, deny the allegations contained therein. AutoReturn Defendants further lack knowledge or information sufficient to form a belief as to the authenticity of the photograph in Exhibit B and, on that basis, deny its authenticity.

20. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and the photographs in Exhibits C and

4
ANSWER TO COMPLAINT                                          Case No.3:20-cv-05813-CRB

D of the Complaint and, on that basis, deny the allegations contained therein. AutoReturn Defendants further lack knowledge or information sufficient to form a belief as to the authenticity of the photographs in Exhibits C and D and, on that basis, deny their authenticity. AutoReturn Defendants admit only that Plaintiff lost "control and dominion over [her] automobile."

21. AutoReturn Defendants deny the allegation of Paragraph 21 that there was a "wrongful and unjust taking of the automobile." AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 21 and, on that basis, deny the allegations contained therein.

22. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, deny the allegations contained therein.

## JURISDICTION

23. Paragraph 23 states legal theories and conclusions to which no response is required.

24. Paragraph 24 states legal theories and conclusions to which no response is required. Jurisdiction and venue appear to be proper.

## PARTIES

25. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, on that basis, deny each and every allegation contained therein.

26. AutoReturn Defendants admit the allegations contained in Paragraph 26.

27. Paragraph 27 states legal theories and conclusions to which no response is required. To the extent Paragraph 27 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

28. Paragraph 28 states legal theories and conclusions to which no response is required. To the extent Paragraph 28 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

29. Paragraph 29 states legal theories and conclusions to which no response is required. To the extent Paragraph 29 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

30. Paragraph 30 is unintelligible and appears to contain no allegations that can be admitted or denied.

31. Paragraph 31 states legal theories and conclusions to which no response is required. AutoReturn Defendants admit only that John Wicker is the CEO of TEGSCO LLC d/b/a San Francisco AutoReturn. AutoReturn Defendants deny that Plaintiff has sued John Wicker in any capacity.

32. Paragraph 32 states legal theories and conclusions to which no response is required. AutoReturn Defendants admit only that Dan Scanlan is a California citizen and Vice President of TEGSCO LLC.

33. Paragraph 33 states legal theories and conclusions to which no response is required. To the extent Paragraph 33 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

**ADDITIONAL FACTS**

34. Paragraph 34 states legal theories and conclusions to which no response is required. To the extent Paragraph 34 contains factual allegations, AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

35. Paragraph 35 states legal theories and conclusions to which no response is required.  To the extent Paragraph 35 contains allegations, AutoReturn Defendants admit only that CCSF is a public entity.  AutoReturn Defendants deny the remainder of the allegations contained in Paragraph 35.

36. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, deny each and every allegation contained therein.

37. Paragraph 37 states legal theories and conclusions to which no response is required.  AutoReturn Defendants deny each and every factual allegation contained in Paragraph 37, except that AutoReturn Defendants admit a SFMTA employee initiated the ticketing and towing of Plaintiff's car.

The un-numbered subheading between Paragraphs 37 and 38 states legal theories and conclusions to which no response is required.

38. Paragraph 38 states legal theories and conclusions to which no response is required.

39. Paragraph 39 states legal theories and conclusions to which no response is required.  To the extent Paragraph 39 contains factual allegations, AutoReturn Defendants deny each and every allegation contained therein.

40. Paragraph 40 states legal theories and conclusions to which no response is required.

41. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, deny the allegations contained therein.

42. Paragraph 42 states legal theories and conclusions to which no response is required.  AutoReturn Defendants deny the seizure was unreasonable or impermissible.

43. AutoReturn Defendants deny each and every allegation contained in Paragraph 43.

44. Paragraph 44 states legal theories and conclusions to which no response is required.

45. To the extent AutoReturn Defendants understand Paragraph 45, it appears to state legal theories and conclusions to which no response is required.

46. Paragraph 46 states legal theories and conclusions to which no response is required. To the extent Paragraph 46 contains factual allegations, AutoReturn Defendants deny each and every allegation contained therein.

47. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, deny the allegations contained therein.

48. Paragraph 48 states legal theories and conclusions to which no response is required.

49. Paragraph 49 states legal theories and conclusions to which no response is required. To the extent Paragraph 49 contains factual allegations, AutoReturn Defendants deny each and every allegation contained therein.

50. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, deny each and every allegation contained therein.

51. Paragraph 51 states legal theories and conclusions to which no response is required. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, deny each and every allegation contained therein.

52. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph and, on that basis, deny each and every allegation contained therein.

53. Paragraph 53 states legal theories and conclusions to which no response is required. To the extent Paragraph 53 contains factual allegations, AutoReturn Defendants deny each and every allegation contained therein.

54. Paragraph 54 states legal theories and conclusions to which no response is required. To the extent Paragraph 54 contains factual allegations, AutoReturn Defendants deny each and every allegation contained therein.

55. Paragraph 55 states legal theories and conclusions to which no response is required. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, deny each and every allegation contained therein.

56. Paragraph 56 states legal theories and conclusions to which no response is required. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations against Defendants Alvah and PG&E Contractors contained in Paragraph 56 and, on that basis, deny those allegations. AutoReturn Defendants admit only that the car was towed to an AutoReturn storage facility and that AutoReturn Defendants have incurred storage fees.

57. Paragraph 57 states legal theories and conclusions to which no response is required. AutoReturn Defendants deny they would be unjustly enriched and that any fees and fines are excessive. AutoReturn Defendants further deny they "seiz[e] property from private persons without valid legal or lawful authority."

58. With respect to the allegations in Paragraph 58, AutoReturn Defendants admit only that the car was towed. AutoReturn Defendants deny each and every remaining allegation in Paragraph 58.

59. Paragraph 59 states legal theories and conclusions to which no response is required.

60. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, deny the allegations contained therein.

### DAMAGES

61. AutoReturn Defendants deny each and every allegation contained in Paragraph 61.

### FIRST CAUSE OF ACTION
### VIOLATION OF FOURTH AMENDMENT
### (42 U.S.C. § 1983)
### (PLAINTIFF v. DAN SCANLAN individually, TEGSCO LLC d/b/a AUTORETURN, AUTORETURN SF LLC, CAMERON A. HALE, ALVAH, BILL JOHNSON, PG&E, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, AND DOES 1-10 INCLUSIVE)

62. Paragraph 62 states legal theories and conclusions to which no response is required. To the extent Paragraph 62 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

63. Paragraph 63 states legal theories and conclusions to which no response is required. To the extent Paragraph 63 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein, except that AutoReturn Defendants admit AutoReturn Defendants possess a Toyota Camry that was towed on February 27, 2020.

64. Paragraph 64 states legal theories and conclusions to which no response is required.

65. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 65. The second sentence of Paragraph 65 states legal theories and conclusions to which no response is required.

To the extent the second sentence of Paragraph 65 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

66. The first sentence of Paragraph 66 states legal theories and conclusions to which no response is required. The second sentence of Paragraph states legal theories and conclusions to which no response is required. To the extent the second sentence of Paragraph 65 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

67. AutoReturn Defendants deny each and every allegation contained in Paragraph 67, except that AutoReturn Defendants admit Plaintiff's car was towed when it was parked.

### SECOND CAUSE OF ACTION
### VIOLATION OF 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION
### (42 U.S.C. § 1983)
### (PLAINTIFF v. DAN SCANLAN individually, TEGSCO LLC d/b/a AUTORETURN, AUTORETURN SF LLC, CAMERON A. HALE, ALVAH, BILL JOHNSON officially, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, and DOES 1-10 INCLUSIVE)

68. Paragraph 68 states legal theories and conclusions to which no response is required. To the extent Paragraph 68 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

69. Paragraph 69 states legal theories and conclusions to which no response is required. To the extent Paragraph 69 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

70. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, on that basis, deny each and every allegation contained therein.

71. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, on that basis, deny each and every allegation contained therein.

72. AutoReturn Defendants deny each and every allegation contained in Paragraph 72, except that AutoReturn Defendants admit Plaintiff's car was towed when it was parked.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)
### (PLAINTIFF v. DAN SCANLAN individually, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN officially, SFMTA, CCSF, DOES 1-10 INCLUSIVE)

73. Paragraph 73 states legal theories and conclusions to which no response is required. To the extent Paragraph 73 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

74. Paragraph 74 states legal theories and conclusions to which no response is required. To the extent Paragraph 74 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

75. AutoReturn Defendants deny each and every allegation contained in Paragraph 75.

76. AutoReturn Defendants deny each and every allegation contained in Paragraph 76, except that AutoReturn Defendants admit Plaintiff's car was towed when it was parked.

### FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress
### or
### Negligent Infliction of Emotional Distress)
### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, NELSONS TOW, CCSF, DOES and DOES 1-10, inclusive)

77. Paragraph 77 states legal theories and conclusions to which no response is required.

78. Paragraph 78 states legal theories and conclusions to which no response is required. To the extent Paragraph 78 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

79. Paragraph 79 states legal theories and conclusions to which no response is required. To the extent Paragraph 79 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

80. AutoReturn Defendants deny each and every allegation contained in Paragraph 80.

81. AutoReturn Defendants admit Plaintiff presented several communications and that the defendants refused to return the car to Plaintiff. AutoReturn Defendants deny each and every other allegation in Paragraph 81.

82. AutoReturn Defendants deny each and every allegation contained in Paragraph 82.

### FIFTH CAUSE OF ACTION
### (NEGLIGENCE)
### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, NELSONS TOW, CCSF, and DOES 1-10, inclusive)

83. Paragraph 83 states legal theories and conclusions to which no response is required. To the extent Paragraph 83 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

84. Paragraph 84 states legal theories and conclusions to which no response is required. To the extent Paragraph 84 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

85. AutoReturn Defendants deny each and every allegation contained in Paragraph 85.

86. The first sentence of Paragraph 86 states legal theories and conclusions to which no response is required. To the extent the first sentence of Paragraph 86 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein. AutoReturn Defendants admit the allegation in the second sentence of Paragraph 86 that public officials in the state of California swear an oath to uphold the constitution. AutoReturn Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 86 and, on that

basis, deny each and every allegation contained therein. AutoReturn Defendants deny each and every allegation contained in the fourth sentence of Paragraph 86.

## SIXTH CAUSE OF ACTION
### (CONVERSION)
### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, DOES 1-10, inclusive)

87. Paragraph 87 states legal theories and conclusions to which no response is required. To the extent Paragraph 87 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

88. AutoReturn Defendants admit that Plaintiff was an owner of the automobile at issue in the complaint. AutoReturn Defendants deny that the automobile was "wrongfully taken" and that Plaintiff is "entitled to immediate possession thereof."

89. AutoReturn Defendants admit only that the car at issue in the complaint is stored in a warehouse located at the address commonly known as 2650 Bayshore Blvd., San Francisco, California, 94014. AutoReturn Defendants deny the remainder of the allegations in Paragraph 89.

90. AutoReturn Defendants admit that Plaintiff did not give consent to take possession of the automobile but deny the remainder of the allegations contained in Paragraph 90.

91. Paragraph 91 states legal theories and conclusions to which no response is required.

92. The first sentence of Paragraph 92 states legal theories and conclusions to which no response is required. The second sentence of Paragraph 92 states legal theories and conclusions to which no response is required. To the extent the second sentence of Paragraph 92 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

93. AutoReturn Defendants deny each and every allegation contained in Paragraph 93.

### SEVENTH CAUSE OF ACTION
### (TRESPASS)
### (PLAINTIFF v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, CCSF, NELSONS TOW, DOES 1-10, inclusive)

94. Paragraph 94 states legal theories and conclusions to which no response is required. To the extent Paragraph 94 contains factual allegations to which a response is required, AutoReturn Defendants deny each and every allegation contained therein.

95. Paragraph 95 states legal theories and conclusions to which no response is required.

96. AutoReturn Defendants admit Plaintiff was one of the owners of the subject vehicle but deny Plaintiff is or was always entitled to its immediate possession.

97. AutoReturn Defendants deny each and every factual allegation contained in Paragraph 97.

98. AutoReturn Defendants deny each and every allegation contained in Paragraph 98.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any of the AutoReturn Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each cause of action therein are barred by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State Relief Under 42 U.S.C. § 1983)**

Plaintiff has failed to allege facts sufficient to state a claim for relief under 42 U.S.C. § 1983 against AutoReturn Defendants.

**FIFTH AFFIRMATIVE DEFENSE**
**(Administrative Remedies)**

Plaintiff has failed to exhaust the administrative remedies that are a prerequisite to this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**
**(Defendants' Acts Not a Proximate Cause)**

Any act or omission on the part of answering Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

The Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate her damages thus barring or reducing the recovery, if any, from the AutoReturn Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Damages)**

The AutoReturn Defendants deny that Plaintiff has been damaged in any sum, or at all, by any act or omission of the AutoReturn Defendants.

**ADDITIONAL AFFIRMATIVE DEFENSES**

The AutoReturn Defendants presently lack knowledge or information on which to form a belief as to whether they may have additional defenses available. The AutoReturn Defendants reserve the right to assert additional defenses in the event that discovery indicates such defenses would be appropriate.

WHEREFORE, the AutoReturn Defendants pray for judgment as follows:

1. That Plaintiff take nothing from the AutoReturn Defendants;

2. That the Complaint be dismissed with prejudice;

3. That the AutoReturn Defendants recover costs of suit herein, including attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

Dated: September 8, 2020                    MOSCONE EMBLIDGE & RUBENS LLP

                                            */s/ G. Scott Emblidge*
                                              G. Scott Emblidge
                                              Evan M. Rosenbaum

Attorneys for Defendants Dan Scanlan, TEGSCO LLC d/b/a San Francisco AutoReturn, and Nelsons Tow