Jamil Malik Bey
in propria persona, and in the capacity of Trustee
on Behalf of the Immortal Jamil Malik Bey Reversioner
Trust in Northwest Amexem
In care of: [391 Ellis Street
Via San Francisco, California Republic]
Zip Exempt, Without the United States

Marimar Cornejo
c/o 391 Ellis Street
San Francisco, California 94102
Marimarcornejo95@gmail.com
415-767-6676
in propria persona
Email

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*San Francisco*

| | |
|---|---|
| MARIMAR CORNEJO, an individual; Jamil Malik Bey, in propria persona and as Trustee for the Immortal Jamil Malik Bey Reversioner Trust in Northwest Amexem | CASE NO.: 3:20 cv-05813CRB |
| Plaintiffs, | <u>FIRST AMENDED COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF</u> (42 U.S.C §§ 1983,1985,1988; and pendent tort claims) |
| vs. | <u>**JURY TRIAL DEMANDED**</u> |
| JEFFREY TUMLIN, officially as Director of Transportation of the San Francisco Municipal Transportation agency; the SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY; CITY & COUNTY OF SAN FRANCISCO; DAN SCANLAN individually; TEGSCO LLC d/b/a SAN FRANCISCO AUTORETURN; SAN FRANCISCO AUTORETURN LLC; PACIFIC GAS AND ELECTRIC COMPANY; CAMERON A. HALE Individually and in his capacity as CEO of ALVAH CONTRACTORS INC.; ALVAH CONTRACTORS INC.; NELSONS TOW, Defendants. | |

Plaintiffs/Claimants, on the high principals of Love, Truth, Peace, Freedom, and Justice, for this amended claim against the above-named Defendants, declare as follows:

## **INTRODUCTION**

1.      Plaintiff Marimar Cornejo is the mother of a new-born child, is currently unable to work in her normal and usual field due to the full-time needs of her infant son, and is on a 'fixed earnings' derived solely from unemployment, and from family support. We bring this suit for damages and injunctive relief in order to protect our threatened interest in our beloved 4 door 1998 Toyota Camry, which is the subject of this action (hereafter called "subject automobile" "car") which we have an immediate right to possession exclusive of each Defendant named in this Complaint, and Defendants were not only negligent, but were reckless, and malicious in the manner of the taking, and in their dealings and conduct which occurred after the taking.

2.      The automobile was taken from Plaintiffs without a warrant and without probable cause, and further without due process of law, by public employees of the agency SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY (hereinafter "SFMTA"), which on my information and belief is an instrumentality or agency of the CITY AND COUNTY OF SAN FRANCISCO (herein after called "CCSF").

3.      The car right now is being held by employees and agents of the private corporation named TEGSCO LLC (doing business as "AUTORETURN" or AUTORETURN SAN FRANCISCO LLC), who were acting in a joint operation with SFMTA employees when it was wrongfully taken.

4.      Plaintiffs allege on information and belief that Defendant SFTMA despite the claims of CCSF, has a separate capacity to contract and hold assets.

5. At all times mentioned in this complaint, the Legal Entity Defendants AUTORETURN, ALVAH, and PG&E, including SFMTA and CCSF, are being charged as "persons" acting under the color of State Law, because *inter alia* employees or agents thereof engaged in an unconstitutional policy, custom, or practice which violated Plaintiff Cornejo's rights in property protected by the 4th, 5th, and 14th, Amendments to the Constitution for the United States of America.

6. Each Defendant Corporation, and or its Directors, are vicariously liable for the negligent and wrongful acts and omissions of their employees and agents done within and without the scope of their duties, and further are being charged as Surety for each employee who intentionally, or negligently, caused injury in the performance of their duties which were official and unofficial customs, practices, or usages of each defendant.

7. At the time of the wrongful taking of the subject automobile by the above mentioned Defendants, SFMTA employees were acting pursuant to a statutory scheme set out by California Vehicle Code sections 22650 et sq, and further were acting under an unofficial custom and practice where Defendants wrongfully seize property for commercial gain without due process of law, and Municipal Defendants subsequently fail to provide adequate constitutional safeguards to correct the wrongful deprivations, resulting in serious suffering and emotional distress to the injured party from the indefinite dispossession of their property.

8. Therefore, Defendants at the time they committed the taking of property were acting under color of state law for purposes of liability under Title 42 USC section 1983, and the Fourteenth Amendment, and this action by Defendants shows a pattern by them overtime, of several seizures of property in which Plaintiffs have an immediate right to possession, without due process of law, and without a warrant.

9. Jamil Malik Bey only, makes no claims under the Fourteenth Amendment to the United States Constitution by way of this Complaint, and only sues here for claims arising under the common law, International law, or Code of California.

10. This suit is further against Doe Defendants whose names and capacities are unknown to us at this time, but these persons are the Bond and Insurance carriers among others, of the Defendants who are responsible for creating the injury and losses which occurred, and are set out in this Complaint. we hereby sue for Subrogation into the rights of the "Insured" under the policy or bond, and for Judgment against the sureties for the proceeds from the respective policy.

11. 'Municipal Government Immunity' has been waived under these circumstances pursuant to California Government Code sections 810-815. SFMTA and CCSF are liable for any act or omission done by one of its employees acting within the scope of their official duties, as set out by Government Code Sections 815.2 subdivision (a), and as set out hereafter.

12. The automobile was taken in bad-faith by Defendants since they were knowingly acting without a justifiable legal or lawful cause, which resulted in a deprivation of property in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America, because the seizure was truly unreasonable and unnecessary, and further there was no notice given or opportunity to be heard prior to the deprivation, when the car was not a public safety hazard or traffic exigency justifying use of police power, and there was no consent given by me to the persons liable for its wrongful taking.

13. At All times mentioned in this Complaint, Defendant PACIFIC GAS AND ELECTRIC COMPANY (Hereinafter "PG&E") who was the contractor who hired the subcontractor, ALVAH CONTRACTORS INC (Hereinafter "ALVAH"), is herein alleged to

-4-

be the 'owner' of the transmission lines for which work was being performed which was the reason and cause for Defendant contractors to use the streets on the day they called SFMTA, and participated in the towing of my car to a locked facility controlled by TEGSCO LLC doing business as AUTORETURN (hereinafter "AUTORETURN").

14.     I allege that the acts of Defendants were private and proprietary acts rather than public acts of a government, which constitutes a waiver of immunity for the Defendants CCSF and SFMTA aside from the statutory waivers set out in the above-mentioned Government Code Sections.

15.     PG&E and ALVAH are private corporations subject to Section 22658 of the California Vehicle Code, as private owners of private property for purposes of the regulatory scheme set out by Vehicle Code Section 22650 et sq.

16.     Employees or contractors under the direct supervision and control of Defendants BILL JOHNSON, and CAMERON A. HALE, who control the Defendant Entities 'ALVAH' and 'PG&E', breached a common law duty of care owed to Plaintiffs, and further breached a statutory duty under California Vehicle Code Section 22658, to provide reasonable notice to the public on appropriate signage, that no public parking is permitted at the site where Plaintiffs car was towed from.

17.     Employees and Contractors of Defendants PG&E and ALVAH failed to provide this requisite notice as required by statute, and therefore were negligent, and aside from any statutory duty or obligation imposed on Defendants, providing notice to Plaintiffs of intent to deprive us of property is only fair and just, and Defendants without giving any notice of towing, and initiating the towing with knowledge that notice was not given, was a bad-faith act which was unjust, unfair, and inequitable.

18.     Cal. Veh. Code Section 22658 subdivision (e)(1) allows for statutory damages to be awarded to the owner of an automobile in the amount of double the storage or towing charges against his property whenever there has been a failure to comply with paragraphs (1) (2), or (3), which is the notice requirement that the Defendants CAMERON A. HALE, and BILL JOHNSON acting through their employees failed to comply with.

19.     The Statutory remedies provided above are cumulative to any other remedies that may be available to an injured party, and Plaintiffs hereby allege that on information and belief the current Storage Charges against the property as of today's date is approximately $18,008.00, and thus Defendants should be found liable for double that amount for the wrongful possession of my automobile.

20.     Several written demands were given to Defendant Dan Scanlan and AUTORETURN to return the Car to Plaintiffs, but the Defendants Dan Scanlan and Jeffrey Tumlin refused to comply, and continued to hold the property even after having sufficient evidence showing their acts were done in bad faith and were unwarranted.

21.     The subject Toyota Camry was parked at approximately 4pm on February 27, 2020 (**See Exhibit A**), and at that time there was no warning signs near the car giving notice to the public provided by Defendants, giving notice of a construction site or towing at owner's expense.

22.     Persons in fluorescent jackets whom Plaintiffs reasonably believe were contractors or employees working at that moment for Defendant ALVAH, at approximately 7:13 pm were captured on surveillance video placing an Orange cone next to the subject automobile (**See Exhibit B**) giving notice to the public of towing for the space where our car was already parked at.

23. Later on, that evening, at approximately 8:46 pm the car was ticketed by SFMTA employees **(see Exhibit C)** and towed by Nelsons Tow company at 9:13 pm **(See Exhibit D)** resulting in the direct loss of our control and dominion over the automobile.

24. Defendants and each of them were in some form and way responsible for the wrongful and unjust taking of the automobile, the full extent of their liability is unknown at this time, and we do intend to amend the complaint to assert the true agency and capacity of all the parties as it relates to their involvement in the wrongful taking the Automobile.

25. Some of the Defendants are unknown to us at this time, and we therefore sue those persons as Doe Defendants, and we will amend the record once the true names and capacities of those persons is ascertained.

### JURISDICTION

26. This action arises under the Constitution and laws of the United States for Defendant's Constitutional violations of the Fourth, Fifth, and Fourteenth Amendments, which were deprivations of rights under color of state law in violation of Title 42 of the United States Code Sections 1983, & 1985.

27. Jurisdiction is conferred upon this Court by Title 42 USC 1983, and by 28 USC Sections 1331 and 1332 (diversity of Citizenship). The unlawful acts and practices alleged herein occurred within the City and County of San Francisco, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

### PARTIES

28. Marimar Cornejo (hereinafter "Plaintiff Cornejo" or "Plaintiffs"), is a California Citizen and people of the United States of America.

29. Jamil Malik Bey is a private, non-U.S. Citizen, Moorish American National, of the empire of Morocco; Aboriginal and Indigenous to the Americas. (see U.S. Hierarchical Code R1.01.052.004; see also Library of Congress Copyright, "AA 222141", Moorish American Zodiac Constitution and Nationality Card)

30. CITY & COUNTY OF SAN FRANCISCO (hereinafter "CCSF"), is a municipal corporation duly organized and existing under the laws of the of State of California.

31. JEFFREY TUMLIN is herein sued in his Official Capacity as Director of SAN FRANCISCO MUNICIPAL TRANSPORATION AGENCY.

32. SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY (hereinafter "SFMTA"), is sued as an unknown corporation and subdivision of Defendant CCSF.

33. CAMERON A. HALE is sued individually and in his official capacity as President of ALVAH CONTRACTORS LLC (a California Corporation).

34. BILL JOHNSON officially as director of Pacific Gas and Electric Company

35. PACIFIC GAS AND ELECTRIC COMPANY (a California Corporation).

36. JOHN WICKER sued in his official capacity as CEO of TEGSCO LLC (an Oregon Limited liability Company) doing Business as AUTORETURN SF LLC.

37. DAN SCANLAN, a California citizen sued individually and officially in the capacity as Vice President of TEGSCO LLC d/b/a AUTORETURN [SF LLC].

38. Plaintiffs are ignorant of the true names and capacities of Defendants and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth in this Complaint. Plaintiffs will

amend this complaint to state the true names and capacities in which Defendants operate once they have been ascertained.

### Additional Facts

39.     The claims requirements under the 'Governmental Claims Act' have been satisfied or are inapplicable to this action.

40.     CCSF is deemed to be a public entity, and at all times in this complaint was the "public entity" responsible and liable for the acts and omissions of the same SFMTA employees who caused injury as set out in this complaint, who were acting under an official or unofficial policy, custom, or practice.

41.     At all times relevant, the SFMTA employees who are responsible for the act of initiating the towing of our car were persons under the direct supervision and control of Defendant Jeffrey Tumlin, who is an "elected official" responsible for the operation of the SFMTA pursuant to the Charter of the City and County of San Francisco, and pursuant to the general and special laws of the STATE OF CALIFORNIA.

42.     The non-discretionary act by the SFMTA employee to initiate the ticketing and towing of our car, were official acts authorized by statute and local policy taken within the regular course and scope of the employees official duties, and thus were acts under color of state law indicating liability against Municipal Defendants under *Monell v. DEPARTMENT OF SOCIAL SERVICES OF the CITY OF NEW YORK et al.*

### *Defendants are not Immune from liability*

43.     Defendants have no immunity from constitutionally based claims, or from claims arising under federal statutes such as 42 USC 1983. (See Buenavista v. City and County of San Francisco, 207 Cal. App. 3d 1168, 255 Cal. Rptr. 329 (1st Dist. 1989); Martinez v. California (1980) 444 U.S. 277, 284).

44.     Pursuant to California Government Code section 810.8, "'injury' *means death, injury to person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person"*. Therefore, Defendants were public employees who caused an injury to my person, and to my Constitutionally protected right to liberty and enjoyment of that property, further causing panic, fear, embarrassment, and mental anguish.

45.     Pursuant to California Government Code section 815.2(a), *"a Public entity is liable for an injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative"*.

46.     The act of SFMTA employees which caused the deprivation of our property was based on a private agreement between CCSF to sell to PG&E an exclusive right to use certain portions of the public street, so that PG&E can exclude the rest of the public. This arrangement was merely a private act rather than a Government Function related to the urgent abating of a public safety hazard, or traffic exigency, which is interrupting public trade, commerce, or transportation.

47.     SFMTA employees did not remove the car for one of the permissible reasons set out in California Vehicle Code Section 22651, and thus it is recognized by Cal. Gov. Code Section 22650 subdivisions (a) and (b), that the seizure was unreasonable in violation of the Fourth Amendment.

48.     Further, at all times relevant here, the car posed no immediate danger to the public or created any valid urgent need by Defendants to remove the car from the street where it was parked, but "public employees" of CCSF and AUTORETURN removed it without first

-10-

providing me any notice at all, and also without providing me an opportunity to be heard by a detached and unbiased magistrate at any time prior to the deprivation, or at any time after the deprivation violating the due process clauses of the 5th, and 14th Amendments to the Constitution for the United States of America.

49. *"Central meaning of "procedural due process" is that parties whose rights are to be affected are entitled to be heard and, in order that they may enjoy that right, they must first be notified" (*See Fuentes v. Shevin , 407 U.S. 67, 92 S.Ct. 1983 (1972)) .

50. Plaintiff Cornejo's protected right to Due Process of Law according to the supreme law of the land is Res Judicata, and stare decisis, making this right the Supreme Law of the Land binding on all Defendants pursuant to Article 6, and pursuant to the 5th and 14th Amendments to the United States Constitution, and this is affirmed by Goldberg v. Kelly 397 U.S. 254, 90 S.Ct. 1011 (1970) and Grannis v. Ordean, 234 U.S. 385 (1914).

51. The actions of Defendants in failing to give notice and an opportunity to be heard prior to the deprivation of the subject automobile, also violate the Constitution of California Article 1, Section 15, Clause 7.

52. Employees of Defendant SFMTA gave one formal reason for the towing which by their own admission was based on the fact the car was parked in a "construction zone", and that the permit holder (PG&E) or it's Subcontractor ALVAH called to initiate a tow. Since no notice of towing or construction site was given to us by Defendants ALVAH and PG&E, this was not a valid reason to initiate a tow under any statutory authority, and was not a justifiable or valid use of police power of a State, and they were negligent and wrongful in their actions to deprive us of the possession of our property.

53.     In the case USA v. Vertol H21C REGISTRATION No. N8540, 545 F. 2d 648(1976), the court found that it violated the Due Process Clause of the 5th and 14th Amendments for a government to seize property without first providing notice and an opportunity to be heard, when the purpose of the seizure was solely to collect a monetary fine owed to the Government. This clarifies that seizures for parking fines and citations must be done only after notice and opportunity to be heard.

54.     Therefore according to the above case, the Defendants in this instant matter cannot claim that any monetary fine or penalty was at issue creating a sufficient Government interest to tow our property, as it would not be a sufficient 'Government Interest' which outweighs the rights of owners to possession of property good against the world, such as is the case here.

55.     The interest of CCSF and SFMTA in this matter, was only in carrying out the private contract and agreement allowing PG&E to arrange the towing of cars in the Construction zone to which they purchased a permit from CCSF. SFMTA employees admitted that to Plaintiffs on two occasions that it would be illegal for any employee thereof to initiate a towing of a car which was found at a construction site, without first being called by the permit holder to report the violation, showing the private nature rather than government function. This is the same procedure as with any private driveway owned by any private party, the Municipality cannot just tow a car because its blocking the driveway without consent, it must have an injured party.

56.     On information and belief pursuant to Article 15, Section 724.3 of the SF Public Works Code, we allege that the Defendants PG&E and ALVAH were required to place the 'no parking signs' 72 hours before they begin towing any car found at the construction site, and

therefore they were negligent in failing to do so, and it was simple and easy for arriving SFMTA employees to determine that based on records which they should have control and access to, the permit was issued to Defendants PG&E at approximately 9 a.m. the same morning they towed the subject automobile, and thus only 12 hours had expired rather than 72 hours, indicating Defendants violated their duty under the notice requirements.

57.     Defendant Employees of SFMTA did not use reasonable or slight care to determine before towing our car whether their actions would be reasonable or valid, they just went ahead and towed the car and offered a hearing after the deprivation which was unjust and unfair, and further was repugnant to due process requirements under the fourth, fifth, and Fourteenth Amendments constituting a Constitutional Tort, and violation of Title 42 Section 1983.

58.     By personal knowledge, the tow and boot hearings Defendants offer, do not provide adequate constitutional safeguards, and do not allow constitutional issues to be raised at the hearing, which would prejudice our rights to use that venue, and would prevent the raising of the issues made in this complaint which was the basis for Defendants wrongful possession.

59.     We hereby allege that all Defendants and each of them who did any act which resulted in the taking of the subject automobile in this instant matter, were at a minimum negligent for breach of duty of care and violation of duty to provide notice, and their actions amounted to conversion, trespass and negligent infliction of emotional distress.

60.     ALVAH & PG&E employees and contractors at first were negligent for failing to give warning resulting in the car being parked in a spot they reserved, however, the subsequent act by them to call SFMTA employees to initiate the tow when they knew they were

negligent, and in non-compliance with notice requirements, went past negligence, and was a reckless despicable act which was an intentional tort of Trespass and Conversion.

61.     ALVAH and PG&E Contractors owed us a duty to prevent the subject automobile from being towed since they created the danger in failing to warn us by appropriate signage of the upcoming towing, and therefore they had an additional duty of care not to contact Defendants SFMTA to tow the car to AUTORETURN storage facility causing it to incur storage fees, and it was reasonably foreseeable by Defendants that doing so would cause serious injury to the owners of the subject automobile.

62.     Defendants, CCSF and AUTORETURN, would be unjustly enriched by being paid over $18,000 in excessive fees and fines arising as a result of the unlawful taking of the automobile, if they were to collect any of the amounts they require in order for me to regain possession thereof. Therefore, it not only would it be impossible for us to tender the payment to them since we do not have the amount they request, it would be unjust and unfair, and would encourage Defendants to continue the conduct constituting seizing property from private persons without valid legal or lawful authority.

63.     All Defendants, after the towing of the subject Toyota Camry had reasonable time to discover the facts of whether the tow was wrongful, but they did not ever contact any of the owners, and intentionally failed to conduct an adequate investigation, and intentionally kept the car with knowledge that their actions were more likely than not, wrongful, and without merit, and that their actions were likely to cause continued and increasing injury to us.

64.     District Courts have recognized that the seizure of the car alone constitutes irreparable injury, (see Monterey Mech. Co v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997)) ("alleged constitutional infringement will often alone constitute irreparable harm"); (Mills v.

District of Columbia, 571 F.3d 1304, 1312 (D.C. Cir. 2009)) (loss of 4th amendment freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury) (citing Elrod v. Burns, 427 U.S. 347, 373 (1976).

65.     Defendants SFMTA over time have showed a continuous pattern of wrongful seizures of our property. In 2015 Defendant's seized our 2012 Toyota Camry that was parked for more than 3 days in the same space, and in 2017 Defendants seized our 2015 Nissan Altima by first booting the car, then towing it some 48 hours later, and subsequently denied myself and the other owner due process of law at a 'Boot Hearing' held at the SFMTA Customer Service center.

66.     In 2017, SFMTA Hearing officer Teressa Moran denied us a fair hearing, denied us a right to confront any of persons who wrote the citations, thus denying us a right to confront the witnesses, and the facts brought out in the hearing showed that notices of delinquent citations were sent to Stockton California, which is outside of the municipal jurisdiction of Defendants, and showed that notices were sent to an old address, meaning we were not adequately noticed of the Citations.

67.     Hearing Officer Moran who admitted she was a licensed attorney, aside from the conflict of interest that creates, further denied us of a right to challenge the constitutionality of the actions taken by SFMTA, and thus is an inadequate venue as to provide a remedy, or correct its own negligence.

68.     Therefore, based on good cause, its likely that Defendants AUTORETURN, SFMTA, and CCSF by and through its employees, will continue to deprive us of property without a legal or lawful basis, or without due process of law unless they are permanently enjoined from doing so.

69.     At all times relevant, Plaintiff had no duty to exhaust Administrative Remedies, such as go to the State Court or use the SFMTA administrative hearings, It is long been understood that Actions under 42 USC 1983 do not require that a Plaintiff Exhaust Administrative remedies except under certain circumstances, see *Patsy v. Board of Regents* 102 S.Ct 2557.

Defendant Dan Scanlan engaged in Fraud, Deceit, Retaliation, Malice, and Oppression

70.     Defendants TEGSCO LLC d/b/a AUTORETURN, AUTOTEURN SF LLC, and Dan Scanlan are herein alleged to have committed acts which are unfair and Fraudulent Business Practices, and for making fraudulent and or negligent misrepresentations causing emotional distress, when Defendants mailed form "REG.684 (REV. 1/2019)" which stated, *"This is to notify you that I intend to dispose of the vehicle to a licensed dismantler or a scrap iron processor 15 days from the date of this notice unless you take one of the following actions.. "*.

71.     Shortly after the other owner Jamil and I left for Indiana, Defendants mailed a notice as stated above to Jamil and to the last registered owner giving only ten days to respond.

72.     On March 28, 2020 Dan Scanlan personally admitted to Bey while on a phone call that he was intending to sell the car at Auction the very next day, or soon thereafter, which is a substantially different representation then a previous statement he caused to be made and mailed to us as stated above, stating, *"I intend to dispose of the vehicle to a licensed dismantler..."*

73.     Therefore, as a consequence of Defendant Dan Scanlan's conduct as stated above, and in his election to undertake a special duty with Bey to depart from the statutory requirements, and provide a special remedy to us since we were out of town, which included

him sending us the above mentioned 'notice' and 'opposition form' to the location we provided him at Indiana, and then sign it and return it to him to be processed, and him agreeing he had the authority to override the time limit of ten days and make an agreement to honor the form, which would prohibit him from disposing of the subject automobile prior to filing a lawsuit in a court, by him making the above agreement, he created a special relationship and became personally liable to me and the other owners for damages resulting from his actions.

74. He essentially agreed to deviate from the regular course of business and use his own discretion which was not according to usual policy.

75. Defendant Dan Scanlan, with the prior personal knowledge of our identity, and being familiar with Bey, he issued or caused to be issued to us the above 'Notice' warning that our Automobile was set to be dismantled or destroyed if we do not return the Opposition Form in Ten Days, when he knew that was impossible for us to do so since he knew we were likely over 2200 miles away from the location the notice was sent, and in doing so, he acted malicious with a retaliatory purpose intended to cause emotional distress from unnecessary fear and anxiety of the loss of our property, intending to cause for us to believe it would be destroyed.

76. Further showing a motive to cause injury, Defendant Dan Scanlan at the time he did the acts described above, he was in possession of a Claim for damages delivered by Bey, which also served as a notice and offer to attach specific property owned by AUTORETURN, to secure the indebtedness to Bey for his injury sustained, and Defendant thus intended to retaliate against us with threatening to destroy our car instead of sell it, when doing so under the circumstances here was illegal and immoral.

77. Within the meaning of the Definitions in California Civil Code Section 3294, Defendant Dan Scanlan and employees and agents under his direct supervision and control in

relation to the acts described above, were oppressive, fraudulent, and malicious for several reasons such as: (1) Defendant Dan Scanlan is a registered agent and Officer of AUTORETUN, and participated in the decision-making, ratification, and authorization to de-value the subject automobile to an amount less than the current fair market value for sale to a private party or by a dealer, in order to mail us the malicious and oppressive 'Notice of Intent to Dispose of or Dismantle' a car valued at less than $500, threatening to destroy our car in short time under the false pretense of legal and moral right, when he either never intended to destroy the car, or intended to destroy the car illegally but was thwarted by Bey, (2) he had knowledge that he was in unlawful possession of the subject automobile but willfully and consciously disregarded our to possession thereof, subjecting us to cruel and unjust hardship which was oppressive, and malicious, since he acted with reckless disregard for our rights in the subject automobile, and further he intended to cause injury and the loss of the private automobile so that he may personally profit and gain therefrom, and (3) Defendant Dan Scanlan after reviewing the evidence shown on this record in exhibits A-D, in a letter he wrote to us responding, he concealed the truth of the fact of his liability, and stated sarcastically to us that the only violation he saw was that the car was left in a Yellow 'No Parking Zone', which was irrelevant, and was not a purpose for the seizure of the subject automobile since it was seized at 8:46 pm, well after the time posted on the parking meter, and thus was an insult, and showed Defendants intentions to deprive us of property by falsely maintaining that his actions were valid, and lawful, in direct disregard to the evidence to the contrary, and in reckless disregard to the injury to us and to our rights to possession of the subject automobile.

78.     Dan Scanlan, aside from acting in a retaliatory manner, he was also motivated by financial gain when he did the oppressive act of depriving us from our private property when

he knew his acts were wrongful, or likely wrongful, and thus he was conscious that he was acting in complete disregard to our rights purely for his own private commercial gain, and retaliatory purposes, and he had actual and constructive knowledge that injury was actually being suffered by us as we stated in our preliminary Notice, rather than that an injury was theoretical or probable, making it foreseeable to him.

79.     The Limited Liability charter granted by the STATE OF CALIFORNIA to DAN SCANLAN (VP) and JOHN WICKER (CEO) of AUTORETURN, cannot authorize Defendants Dan Scanlan, John Wicker or anyone else of AUTORETURN to act in bad-faith in the performance of corporate duties, or to commit fraud, conversion, intentional or negligent infliction of emotional distress, or any other unlawful act such as the one's described in this Claim for damages, making his actions *ultra vires* and outside of the scope of Defendants official duties, consequently allowing the corporate veil to be pierced subjecting him to liability personally for the torts and wrong he committed which exceeded his legal capacity.

80.     Defendant Dan Scanlan, in around March 27, 2020 during a phone call with the other owner Jamil, made material representations that we relied on, that he would send us the above Notice containing the Opposition form under Cal. Veh. Code §22851.8, which we are required to mail back opposing his intent to Sale or Dispose of the subject Automobile, which then would require him to file a lawsuit in order to sell or dispose of it. We relied on those representations by Defendant but Defendant never performed as he stated, and later when we returned from Indiana and received the mail from the two Months Prior, Defendant was given the same Opposition Form that was mailed to us at 391 Ellis Street San Francisco California, but he refused to accept it from us citing it was not returned within ten days as required, which

made his representations to us on approximately March 27 2020, fraudulent or negligent misrepresentations, and unfair, fraudulent and deceptive business practices.

81.    Since Dan Scanlan made those false representations to us which we relied on, and he was in unlawful possession of the subject automobile, he thus acted outside his legal and lawful scope of authority, since a limited Liability Company cannot grant it's Officers the legal privilege to do an unlawful or illegal act, such he did here when he arranged for the theft of our car, and held it for ransom when it was established that his possession was wrongful.

82.    Further, Defendant Dan Scanlan was participating in a 'State action' for purposes of liability under Title 42 Section 1983, since he arranged and acted with Municipal Defendants who were deemed 'state actors' in seizing the subject Automobile, and was Scanlan was a material factor since he operates the Towing Management Company TEGSCO LLC, d.b.a. SAN FRANCISCO AUTORETURN, and was responsible for arranging and storing the Subject Automobile within his possession and control at AUTORETURN facility.

83.    The Supreme Court in *Sniadach v. Family Finance Corp* 395 U.S. 337, stated, "court has consistently held that constitutional requirements of due process apply to garnishments and prejudgment attachment procedures whenever officers of the state act jointly with a creditor in securing property in dispute".

84.    Dan Scanlan, herein a debtor, but at all times during the seizure was acting as a private creditor in concert with 'Municipal State Agents,' and acted outside of his legal scope and authority, and was acting for personal proprietary gain when he committed arranged or supervised the arrangement of the Towing and prolonged storing of our Car.

85.    His actions aside from the constitutional Torts, amounted to Conversion, and Trespass. Defendant Dan Scanlan, and employees of Defendant AUTORETURN, ALVAH,

PG&E, and SFMTA are without a legal or lawful basis to hold our property, and are acting with reckless disregard to our rights to possession because little or no safety measures were implemented that could prevent the wrongful deprivation, or remedy the wrongful deprivation, and thus Defendants have no corporate, or statutory immunity from the claims.

## CITY AND COUNTY OF SAN FRANCISCO DEFENDANTS

86.    Pursuant to Evidence Code §669 and §669.1, "*violation of a statute, ordinance, or regulation of a public entity setting forth standards of conduct for its employees... can raise a presumption of negligence as to government employees acting in the scope of their public employment*".

87.    At all times relevant, each Defendant named above is accused of acting in concert to achieve an unlawful act, and each defendant did an overt act to secure a benefit from the unlawful act which was the seizure of our automobile, and therefore were acting in a CONSPIRACY to deprive us of Rights protected by the Constitution and laws of the United States.

88.    All Defendants received some financial gain, or benefit from the unlawful acts leading up to the seizure and after.

89.    DEFENDANT, Jeffrey Tumlin in his official capacity is a public official charged with the duty to act in good faith as to all his dealings, and may not deprive us of property in violation of International Law, or the laws of the United States, which he, or persons under his direct supervision and control, deprived us of Rights to our property without a legal or lawful basis, violating the Constitution and Laws of the United States as set out in this Claim, causing injury in fact.

90.     Further through his leadership, acts, and omissions after being personally notified of the seizure, and charged with a duty to return the property, he failed to do so thereby ratifying the negligent and bad faith acts done by his employees.

91.     In addition, Defendants Dan Scanlan and CCSF engaged in an unfair and deceptive scheme of falsely misrepresenting the Tow costs, and true administrative cost incurred from related from the seizure.

92.     Employees of Defendant SFMTA, issued a "Citation" to the subject automobile on February 27, 2020, requesting U.S. Federal Reserve Notes as tender of payment for parking in an alleged 'construction site,' constituting a 'commercial act,' and a 'business practice'.

### Excessive Administrative Fees Charged by Defendants

93.     Defendants Dan Scanlan, and employees of AUTORETURN and or CCSF, charged excessive fines or fees in violation of the 8th Amendment, when He and his company subsequently charged the Subject Vehicle in Rem, $298, which was a charge we allegedly owed to the City of San Francisco for its Administrative Fee arising from the alleged illegal act of parking inside of a 'construction zone'. Defendants Dan Scanlan, and AUTORETURN, further charged excessive fees when he and AUTORETURN claimed we owed $258 to AUTORETURN for arranging our car to be towed by Nelsons Tow.

94.     Defendants Dan Scanlan, AUTORETURN, CCSF and SFMTA committed a fraudulent, and unfair act, under Business and Professions Code section 17200, since they only paid $56 to Nelsons Tow company but represented to us and charged us $256 therefor, thus making over 200 percent profit from the towing charge alone.

95.     The Supreme Court has declared that the Eighth Amendment to the Constitution for the United States of America's protections against excessive fines in Civil Forfeitures, is a

fundamental right, incorporated into the 14th Amendment, and applicable to the States, see Timbs v. Indiana, 139 S. Ct. 682, 687 (2019)); _McDonald_ v. _Chicago,_ 561 U.S. 742, 767, 130 S.Ct. 3020, 177 L.Ed.2d 894), and expressly prohibits Defendants from issuing excessive fines as they did here the unwarranted seizure of the subject automobile.

96.　　Defendants conduct had a chilling effect on our exercise of rights to travel, and park freely, and to the peaceful enjoyment of our private property from interference by strangers.

97.　　Therefore, Defendants CCSF, and AUTORETURN, engaged in an unlawful conspiracy to deprive us of both the subject automobile, and of money of exchange, by conspiring to extort us of over $18,000, by holding the subject automobile without valid legal or lawful right and demanding we tender payment to Defendants in a specific form of tender, in an amount which is excessive, outrageous, and shocking.

Cameron H. Hale

98.　　Cameron H. Hale, during all times relevant is, and was, the Chief Executive Officer of Defendant Alvah Contractors in control of its employees and general affairs, and had a duty to act in good-faith in all of his dealings, and to obey the constitution and laws of the United States, and State of California,  .

99.　　We mailed a claim and demand letter addressed directly to him demanding he take immediate action to lessen the injury to us.

100.　　Instead of Cameron H. Hale responding, his Secretary and Chief Financial Officer Dennis Mueller personally responded to our notice of claim and Demand for the return of our Car mailed on or about February 29, 2020, and thus on information and belief he was acting for Cameron H. Hale who had personal knowledge that an act or omission occurred by

one of the persons under his direct supervision and control, causing loss of our property, and that the duty was placed upon Him as CEO to act to immediately return the property. Instead of him causing for our car to be returned to us, Dennis Mueller sent an inflammatory email on behalf of Cameron making frivolous defenses in bad faith aimed at the National Identity of Bey, and accusing him of being a wrongdoer illegally parked, when that statement was untrue.

101. Therefore, Cameron H. Hale ratified an illegal act or omission done by a person under his direct supervision and control, and he personally undertook the liability under the notice he received from Bey such to make him personally liable.

## **Damages**

102. As a proximate result of each DEFENDANTS' conduct, we suffered humiliation, shock, panic, mental anguish, economic losses, and loss of future earnings, from the seizure of the subject automobile on February 27, 2020. Further as a direct and proximate result of the Seizure, we suffered permanent fear and apprehension each and every time we park a car in a space which appears to be open and free. Further, as a direct result of our loss of the Property, we suffered loss of expected earnings in the sum approximate of $3500, and out of pocket expenses of $203.57, and were required to rent a car during the days of March 3, 2020 through July 7, 2020 incurring expenses of $4,003.41. Just compensation is hereby demanded from Defendants and each of them for each and every loss sustained by us. Punitive Damages is demanded against Defendants Dan Scanlan individually, Cameron H. Hale individually, AUTORETURN, SFMTA & CCSF, ALVAH, & PG&E, since employees showed a despicable and reckless conduct, by intentionally depriving us of property without following mandatory regulatory state and local procedures, and by using deceit and bad faith in continuing to keep possession of our Car.

**FIRST CAUSE OF ACTION**
**Violation of FOURTH AMENDMENT**
**(42 U.S.C. §1983)**
**(PLAINTIFF CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE**
**individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E,**
**JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25**
**INCLUSIVE)**

103.   All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

104.   The DEFENDANT "public employees" and other corporate Defendants violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures, by seizing the Toyota Camry on February 27, 2020.

105.   According to the Fourth Amendment, seizure of property must be by warrant specifying the particular places to be searched or things to be seized, and must be based on a substantial probability that the property is related to the committing a crime.

106.   None of the exceptions to this rule exist here.

107.   Plaintiff's property was not involved in a crime, and was not a public safety hazard or public traffic exigency at the time SFMTA public employees conspired with ALVAH contractors or employees to remove the property, when it was not permissible under any statutory or legal authority. Therefore, the DEFENDANT public employee's above-described conduct constituted an unreasonable seizure in violation of the Fourth Amendment.

108.   Public employees of the SFMTA are acting under color of state law. All other corporate Defendants who acted in concert with the public employees of SFMTA to take the car, and keep the car, such as Dan Scanlan from AUTORETURN, and Cameron A. Hale from

ALVAH, were involved in a state action with those employees and are liable for the Constitutional Tort of unreasonable seizure.

109.    As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiffs without our consent, interfering with the right to immediate possession thereof, we suffered severe emotional distress, surprise, shock, fear, economic losses, and out of pocket expenses. Further as a result of Defendants wrongful conduct we suffer continued fear and apprehension each day to park a car in a vacant lawful space, since Defendants towed our car when it was parked in vacant space without any notices, shocking and surprising us.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**Violation of 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION**
**(42 U.S.C. §1983)**
**(PLAINTIFF CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)**

110.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

111.    Dan Scanlan is being charged individually for acting in concert with other Defendants in conspiracy to deprive Plaintiff Cornejo of rights protected under the Fourteenth Amendment, for keeping the subject automobile denying Plaintiffs of Due process of Law.

112.    Defendant Cameron H. Hale is being charged individually for acting in concert with other Defendants in conspiracy to deprive Plaintiff Cornejo of rights protected under the Fourteenth Amendment, for failing to warn Plaintiff of the seizure prior thereto, and for failing

to issue process to Plaintiff prior to the seizure denying Plaintiff Cornejo of a Right to Due process of Law.

113. DEFENDANT "public employees" above-described conduct, wherein it is alleged that DEFENDANTS violated Plaintiff's right as provided for under the Fourteenth Amendment to the United States Constitution, to receive due process of law prior to the seizure of private property, was a Constitutional Tort from which none of the Defendants have any immunity.

114. DEFENDANT PG&E AND ALVAH prior to the tow, failed to provide notice as required by statute. Arriving SFMTA employees prior to towing the car did not provide notice and a hearing at a time when the deprivation could be prevented, and it was not allowed, required, or necessary for any of the Defendants to tow or remove the Toyota Camry from the street where it was parked.

115. DEFENDANTS ALVAH, PG&E, SFMTA, AND CCSF employees at the times relevant, were involved in carrying out a contract which was an express agreement to tow cars from the street at a construction site, and thus DEFENDANTS ALVAH AND PG&E are jointly and severally liable with SFMTA, and CCSF, for the constitutional Tort in the violation of due process of law for seizure of property without notice or hearing, and further from providing adequate Constitutional post-deprivation safeguards.

116. As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to Plaintiffs without consent, interfering with our right to immediate possession thereof, we Suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses. Further as a result of Defendants wrongful conduct, we suffer continued fear and apprehension each day to park a car in a vacant lawful

space, since Defendants towed our car when it was parked in vacant space without any notices, shocking and surprising us.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (PLAINTIFF CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)

117. All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

118. DEFENDANTS above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States, and the State of California, in violation of California Civil Code §52.1.

119. Defendants Dan Scanlan, TEGSCO LLC d/b/a AUTORETURN, CCSF and SFMTA used coercion by seizing our car and attempting to force and compel us to pay ransom for the return of the car, in violation of our right to freely use and own property protected by California Civil Code §52.1., and protected by the Constitution and laws of the United States.

120. As a direct result of the above described conduct of DEFENDANTS in seizing the subject Toyota Camry without our consent, interfering with our right to immediate possession thereof, we suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses. Further as a result of Defendants wrongful conduct, we suffer continued fear and apprehension each day to park a car in a vacant lawful space, since Defendants towed my car when it was parked in vacant space without any notices shocking and surprising us.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress
### or
### Negligent Infliction of Emotional Distress)
### (PLAINTIFF Bey & CORNEJO v. DAN SCANLAN individually, TEGSCO LLC, d.b.a. AUTORETURN SAN FRANCISCO, JEFFREY TUMLIN officially, SFMTA, NELSONS TOW, CCSF, DOES and DOES 1-25, inclusive)

121.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

122.    DEFENDANT public employee's and Corporate employee's above-described conduct was extreme, unreasonable, and outrageous.

123.    The conduct of Defendants if not found to constitute intentional infliction of emotional distress, should be found at a minimum to constitute negligent infliction of emotional distress since Defendants and each of them were negligent in failing to use reasonable care as described above, and were reckless and it was foreseeable by defendants the harm they caused when they us of property after failing to give warning.

124.    In engaging in the above-described conduct, DEFENDANTS intentionally ignored or recklessly disregarded the foreseeable risk that we would suffer extreme emotional distress as a result of DEFENDANTS conduct.

125.    By refusing to return the car when the liability was clearly presented to the Defendants via several communications, the DEFENDANT Public Employees and Officials, CAMERON H. HALE, and DAN SCANLAN ignored the fact that is was foreseeable that depriving us of property which provided us a right to locomotion to transport self and property

each day, and when DEFENDANTS knew they failed to give to us could cause emotional distress.

126. As a direct result of the above described conduct of DEFENDANTS in seizing our car without our consent, interfering with our right to immediate possession thereof, we suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses, and continued apprehension to do lawful acts such as park in a vacant space

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
#### (NEGLIGENCE)
**(PLAINTIFF Bey & CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)**

127. All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

128. Pursuant to Evidence Code §669 and §669.1, "*violation of a statute, ordinance, or regulation of a public entity setting forth standards of conduct for its employees… can raise a presumption of negligence as to government employees acting in the scope of their public employment*".

129. At all times before-mentioned, DEFENDANT Dan Scanlan, Cameron A. Hale, ALVAH, SFMTA, CCSF, and it's "public employees" and DOES 1- 10, inclusive, breached a duty of reasonable care to avoid causing unnecessary mental harm and distress to Plaintiff and other owners by their failing to give notice, failure to provide due process of law, and their conversion of the Toyota Camry effecting an unreasonable seizure violating the Fourth

Amendment. The wrongful conduct of the DEFENDANTS, as set forth in this Complaint, breached the standard of reasonable care to be exercised by reasonable persons, and directly caused us harm and injury.

130. As a proximate result of DEFENDANT'S negligent conduct, we suffered severe emotional and mental distress, economic losses, out of pocket expenses, and experience sustained fear each and every time while parking a car in any space after the wrongful deprivation, since the Deprivation was a shocking surprise unwarranted and not foreseen by us.

131. DEFENDANT'S above-described conduct constituted a breach of their duty to act as a reasonable person would under similar circumstances. Every Public Official in the state of California swore an oath to uphold the constitution. The DEFENDANT Public Official Jeffrey Tumlin breached that oath by the conduct of depriving us of a right to private Property. As a result of the conduct of DEFENDANT Jeffrey Tumlin and persons under his direct supervision and control, we lost possession of the Toyota Camry and suffered severe mental and emotional distress, moreover we did not contribute to any loss suffered by us, nor did we assume any risk.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.


## SIXTH CAUSE OF ACTION

### (CONVERSION)
**(PLAINTIFF Bey & CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)**

132. All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

133.    At all times relevant Plaintiff was one of the owners of the subject Automobile wrongfully taken by Defendants named above, and hereinafter, and is entitled to immediate possession thereof.

134.    DEFENDANTS DAN SCANLAN, CAMERON A. HALE, JEFFREY TUMLIN, SFMTA, ALVAH, & PG&E, by the above described conduct have exercised wrongful dominion over Plaintiff's property substantially interfering with use thereof, when DEFENDANTS seized it and locked it a warehouse located at the street commonly known as 2650 Bayshore BLVD 94014, within the City and County of San Francisco, depriving us of its immediate possession.

135.    DEFENDANTS had no consent from us at any time, to take possession or continue to keep the subject automobile, and further had no valid legal or lawful basis or justification to do the same.

136.    Conversion is a strict liability tort; it is irrelevant the state of mind in which DEFNDANTS were acting at the time they committed the act or whether they acted in good faith.

137.    California Civil Code §3333 provides for statutory liability against Public Entity Defendants CCSF and SFMTA. This was a breach of an obligation by DEFENDANTS presumed or deemed not arising from a contract, Defendants breached the Constitution for the United States of America Fourth, Fifth, and Fourteenth Amendments which is a breach of law, and further violated the aforementioned Federal Statute Title 42 Section 1983 in the wrongful taking of property by the above described conduct.

138.    As a direct result of the above-described conduct of DEFENDANTS in seizing the subject Toyota Camry belonging to us, without our consent, interfering with our right to

immediate possession thereof, we suffered severe emotional distress, surprise, shock, fear, economic losses and out of pocket expenses.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth

### SEVENTH CAUSE OF ACTION

**(TRESPASS)**
**(PLAINTIFF Bey & CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)**

139.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

140.    Trespass to chattel according to California common law lies where an intentional interference with the possession of personal property has proximately caused injury, (see Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1350-51, 1 Cal. Rptr. 3 d 296, 20 I.E.R. Cas. (BNA) 65, 148 Lab. Cas. (CCH) P 59756 (2003)).

141.    At all times relevant, Plaintiff was one of the owners of the subject Toyota Camry entitled to is immediate possession.

142.    DEFENDANTS ALVAH AND PG&E if not found liable for the act of conversion, let DEFENDANTS be liable for the lessor tort of TRESPASS since employees and contractors of DEFENDANTS played a material and critical role in creating the loss of the subject Toyota Camry causing the injury our free unhindered use thereof.

143.    As a result of the Trespass, and aside from the injury caused by the loss of use of the subject Toyota Camry, we suffered severe emotional distress, surprise, shock, fear, economic losses, and out of pocket expenses.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Fraudulent or Negligent Misrepresentation)
### (PLAINTIFF v. Bey & CORNEJO v. DAN SCANLAN individually, TEGSCO LLC d.b.a. AUTORETURN SAN FRANCISO LLC,)

144.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

145.    Defendant Dan Scanlan had a duty to act in good faith in all of his business dealings, and is personally liable to us for his own act of misrepresenting material facts as set out in this Complaint, to which we relied on.

146.    Defendant Dan Scanlans' acts of misrepresenting many material facts to us constituted Fraudulent Business Practices, and, or Fraudulent or Negligent misrepresentations.

147.    Plaintiff and other owners suffered emotional distress when Defendants mailed form "REG.684 (REV. 1/2019)" which stated, *"This is to notify you that I intend to dispose of the vehicle to a licensed dismantler or a scrap iron processor 15 days from the date of this notice unless you take one of the following actions:".*

148.    These above statements in Form REG.684 proved to be false and thus were negligent or fraudulent Misrepresentations, and as stated above, Defendant Dan Scanlan was dishonest and acted to deceive us as to the validity of the cause for keeping the subject Automobile.

149.    As stated above, Dan Scanlan deceived us by making representations that he would override his normal business practices, and in doing so he would send the Proper Notice to us as stated above, but he failed to do so, and when we relied on that fact, and were severely anxious and distressed in agony over 2200 miles away from where Defendants were in possession of the Subject Automobile.

150. As Stated Above, Dan Scanlan undertook a special duty to us to depart from normal procedures and mail the above mentioned 15-day notice to where we were located at Indiana so that they could fill it out and prevent the arbitrary selling or dismantling of our Automobile.

151. As a direct result of the numerous misrepresentations of Dan Scanlan, we suffered emotional distress from reliance on his representations, and his failure to perform, and were in prolonged fear and panic lasting several months, and we lost the due process protections which would have been in place had he sued out his false lien on our car in a Court.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Unfair & Fraudulent Business Practices)

### (California Business and Professions Code 17200)
### (PLAINTIFF Bey & CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)

152. All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

153. As used in Division 7, Part 2, Chapter 5, Section 17200 of the Cal. Bus. & Prof. Code, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) part 3 of divisions 7 of the business and Professions Code.

154. Defendants, and each of them, were engaging in a "business practice" and in 'Unfair Competition' as set out in the California UCL, since each Defendants participated in a

practice of seizing private property for either commercial gain, or as a regular and general part of Defendants operations in their industry.

155.    Defendants Alvah and PG&E by failing to warn Plaintiff and other owners before they towed the car, is an unfair, unlawful, and deceptive business practice, which resulted in the deprivation of our right to possession of our automobile, and other injuries proximately connected therewith.

156.    Directly after the Towing, at the scene, Contractors for Defendant Alvah were approached by Bey who was conducting an investigation into the disappearance of the car, and asked if they called to have the car towed, and Defendants said they didn't know who did it, and one defendant smirked and smiled at Bey showing content and excitement at his agony. He stated to Bey with a smile on his face that The SFMTA must have towed it, he said something to the extent of, 'the SFMTA will tow any cars left in the construction zone but we don't have the authority to tow', thus committing a unfair and deceptive business act since that same employee and the one standing with him, was seen on surveillance records placing the 'notice' after our car was parked, and is further seen at the scene with the Nelsons Tow Operator at the time the car was towed.

157.    Therefore, contractors were acting in bad faith at all times, and were acting deceptive trying to deceive Bey From discovering the truth that those same Persons assisted and were responsible for the towing.

158.    Alvah and PG&E Defendants fraudulently, and unfairly, misrepresented the fact that the parking Spot where they towed the car from was not a valid location to park, leading us to believe we could park there free of seizure.

159. CCSF, and Autoreturn Defendants, also engaged in unfair, and unlawful business practices, since they authorized and ratified the bad faith acts of Defendants PG&E and Alvah, and were the final Authority which allowed the seizure to proceed without fairly determining if the tow was valid.

160. At all times relevant, Doe Defendant employees of CCSF were engaging in business practices with co-defendant employees of Autoreturn, Alvah, and PG&E, under their respective contracts.

161. Specifically, SFMTA employees' act of appearing to the scene to authorize the seizure of our valuable property with the intent to gain profit, and acting in concert with AUTORETURN Defendants to secure the subject automobile (collateral) placing it under a 'warehouse lien' with the intent to compel payment from us, or sell our property to recover storage fees, is commercial business practices.

162. Defendants acts in doing so were unfair, and fraudulent business practices since Defendants had no consent from us and no Contract, and had no valid lawful or legal basis to deprive us of Property without due process of law, and without a warrant, and Defendants Acts were likely to deceive other members of the public the same way we were deceived, therefore their acts were unfair, unlawful, and Fraudulent Business Practices.

163. Plaintiff and other owners established with Defendants by written notice, a preponderance of evidence that the act by defendants to seize, and continue to keep possession of our automobile was unlawful, but Defendants continued to keep possession, and ignored our communications demanding our car back, and Defendants were attempting to deceive the public, their Creditors, and their shareholders, as to the true validity of our claims and right to the subject automobile.

164. Defendant AUTORETURN, is classified as a Tow Management agency, and was responsible for arranging for the Towing of our car in conspiracy with other Defendants CCSF, PG&E, and Alvah Contractors, and were illegally profiting from the seizure since it was invalid from the inception, and claimed a false lien on the subject automobile, and Dan Scanlan made numerous misrepresentations to us regarding the validity of their actions to keep possession of the Property, regarding the incident which led up to the tow, and with providing the Proper Notice.

165. Pursuant to Business and Professions Code Section 17204:

> *Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.*

### *Immediate Injunctive Relief is Requested*

166. We Demand an Injunction issue against Defendants under this Section, requiring Defendants to return the subject Automobile to our immediate possession, and enjoining Defendants and each of them from continuing to engage in, or in the future engaging in any unfair, unlawful, or fraudulent business practices which harm our rights to possession of private Property.

-38-

167.    As a result of these aforementioned business practices done by the above-mentioned Defendants, we suffered emotional distress, panic, anxiety, loss of earnings, and devaluation of property, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (42 USC 1983)

### (VIOLATION OF THE 8TH AMENDMENT )
### (PLAINTIFF CORNEJO v. DAN SCANLAN, TEGSCO LLC, AUTORETURN SF LLC, JEFFREY TUMLIN, SFMTA, CCSF, AND DOES 1-10, inclusive)

168.    All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

169.    All Defendants named in this section substantially participated in, or were substantially responsible for, other persons under their direct supervision and control who participated in the state action and seizure of our Automobile.

170.    As stated above, Defendants named under this cause of action were acting under police power of the State, and thus the act to Seize the Car and the fees charged by the Defendants related thereto, are deemed to be a "state action" for purposes of liability under 42 USC 1983, and Defendant Dan Scanlan was a material Person and actor involved in carrying out the seizure and detention of Plaintiffs Private property under the state action, and owed a duty to Plaintiff not to participate in that State action which deprived Plaintiffs of an automobile causing injury.

171.    Defendants SFMTA & CCSF further charged us an "administrative fee" of $298.75 for the seizure of our car, in addition to the $76 citation for parking in the alleged

-39-

construction zone, meaning CCSF and SFMTA would earn $374 in addition to any amount privately agreed on under the Contract Defendants have. This is an excessive fine and penalty in violation of Eighth Amendment.

172.    Further, Defendants Dan Scanlan and Autoreturn charged us $238.25 for towing cost stemming from the seizure of the subject automobile, when Nelsons Tow only charged Defendants $56 to tow the car, showing a misrepresentation of cost by Defendants in their accounting, or showing that Defendants were intentionally profiting.

173.    Therefore, Defendants charged excessively more than the reasonable cost that Plaintiff would incur to tow the car from the same location to where Defendants towed it on February 27, 2020, if Plaintiff called the same tow operator privately and requested for a tow.

174.    All public officials of the State of California and CCSF have sworn and oath to the United States Constitution, and are bound thereby, and pursuant to the Eighth Amendment which Defendants violated, may not charge the people excessive fees, and fines in connection with a state created danger or seizure.

175.    As a direct result of defendants above-mentioned conduct, we were overcharged for excessive Tow fees as stated above, which $182.25 was in excess of what we could get for the same service without Defendants assistance.

176.    These excessive fees charged, further resulted in Detriment and suffering to us, since the excessive nature of the fees were the direct cause which prevented us from being able to recover possession by paying Defendants the reasonable cost it should have incurred a reasonable person, which should have been $56 for a tow, according to the representations of employees of Nelsons Tow Company, and without a $298 Administrative fee serving an unknown purpose, nor the $76 citation for allegedly being illegally parked.

177. The cost to recover the car on the first day was over $550, making it excessive, and causing us to be unable to regain possession through 'tender of payment'.

178. As a direct result of the Defendants above mentioned-mentioned conduct, we suffered emotional distress from loss of use of property, and from the shock of the deprivation of a critical piece of property tied into a fundamental right of Plaintiffs to travel.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Conspiracy 42 USC 1985)

**(Deprivation of Rights under Color of Law )**
**(PLAINTIFF CORNEJO v. DAN SCANLAN individually, CAMERON H. HALE individually, TEGSCO LLC d/b/a AUTORETURN SAN FRANCISCO, ALVAH, PG&E, JEFFREY TUMLIN officially, SFMTA, CCSF, NELSONS TOW, AND DOES 1-25 INCLUSIVE)**

179. All prior paragraphs are realleged and incorporated into this section as though set forth in full herein.

180. Defendants, at all times relevant, were either state actors or, were participating in a seizure and or conspiracy with state actors, to arbitrarily deprive us of dominion and control over private property, which is a right protected by the Fourth and Fifth Amendments to the Constitution for the United States of America, and by its unenumerated sections, and by the laws of the united states which Defendants either did, or ratified an act related to the seizure of private property which Defendants had no right.

181. Defendants at all times conspired with each other by joining together at some point in time, to engage in a mission to gain a benefit from the seizure of our automobile, even though CCSF & AUTORETURN Defendants have not yet fully carried out the illegal and unlawful act on their intent to sale or dispose of the subject automobile.

182.    The Fourth Amendment prohibits Defendants from engaging in unreasonable searches or seizures, the Fifth and Fourteenth Amendments prohibits Defendants from engaging in a Seizure without notice and opportunity to be heard, which would be unreasonable under the Constitution.

183.    Defendants and each of them, at all times relevant, participated in some way shape or form, by doing an overt act to remove our property without our consent, which was unlawful, illegal, and which deprived us of a right to immediate possession thereof

184.    Defendants either initiated the towing, did the towing, stored the illegally held car, and or received, or intended to receive, a profit from the towing and keeping thereof.

185.    Dan Scanlan is individually liable since he personally participated in making fraudulent or negligent representations, and since he participated in keeping the subject automobile when he knew it came into his possession wrongfully, and thus conspired to make illegal gains and profits for himself and his shareholders in breach of trust, and in bad-faith.

186.    As a direct result of Defendants conduct, we suffered emotional distress from the loss of use of the subject automobile, and from the distress related to compelling Defendants to return the Car and pay damages sustained by us as a direct result of Defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## **JURY DEMAND**

187.    Plaintiffs hereby demands a jury trial in this action.

## ***PRAYER***

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general damages according to proof;

2.   For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.   For punitive damages and exemplary damages in amounts to be determined according to proof as to all Defendants and DOES 1 through 25 and/or each of them;

4.   For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.   For cost of suit herein incurred; and

6.   For injunctive relief (Bus. Prof. Code §17203) enjoining Defendants from committing any future act authorizing, allowing, or ratifying the practice by employees of Defendants in depriving Plaintiff of Property without due process of law, or being in unlawful possession of Plaintiffs Property in violation of Plaintiffs' Constitutionally protected Rights thereto;

7.   For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8.   For violation of California Civil Code Section 52(b), punitive damages against Defendant employees of CCSF, $25,000.00 for each offense and reasonable attorney's fees;

9.   For Damages pursuant to California Vehicle Code Section 22658 (e)(1) per proof

10.  For such other and further relief as the Court deems just and proper.


**VERIFICATION**

WE the Plaintiffs/Claimants/Creditors, under penalty of perjury under the laws of the United States, verify that the foregoing facts are true to the best of our knowledge, and that this action is filed in good faith to protect life and property, and that we would testify to the validity thereof before this Court if necessary.

Dated:  November 22, 2020

_____
Plaintiff Marimar Cornejo

_____
Jamil Malik Bey - Heir/Creditor/Claimant
In propria persona, sui-juris, in solo proprio,
All rights reserved without prejudice
Without the United States

-44-