1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   MARIMAR CORNEJO et al.,                     Case No.  20-cv-05813-CRB

9              Plaintiffs,

10          v.                                   **ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANTS'
                                                 MOTION TO DISMISS FOR FAILURE**
11   JEFFREY TUMLIN et al.,                      **TO STATE A CLAIM**

12             Defendants.

13          Pro se Plaintiffs Marimar Cornejo and Jamil Bey's 1998 Toyota Camry was towed on the

14   evening of February 27, 2020.  See FAC (dkt. 20) ¶ 23.  Plaintiffs brought suit, alleging

15   constitutional and tort claims stemming from the towing of their automobile.  Id. ¶¶ 103–86.

16   Defendants have filed four motions to dismiss, arguing that Plaintiffs fail to state a claim under

17   Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See generally MTDs (dkt. 21–24).  The

18   Court grants in part and denies in part the motions for the reasons stated below.

19   **I.      BACKGROUND**

20          On February 27, 2020, at approximately 8:46 p.m., the San Francisco Municipal

21   Transportation Agency ("SFMTA") ticketed Ms. Cornejo and Mr. Bey's (collectively,

22   "Plaintiffs") Toyota Camry.  FAC ¶ 23.  At approximately 9:13 p.m., Nelsons Tow Company

23   ("Nelsons Tow") towed the Camry because it was parked in a construction zone where Pacific Gas

24   and Electric Company's ("PG&E") subcontractor, Alvah Contractors, Inc. ("Alvah"), was

25   performing work on PG&E's transmission lines.  Id.  Plaintiffs allege that Defendants PG&E and

26   Alvah failed to provide reasonable public notice, on appropriate signage, 72 hours prior to towing,

27   that public parking was prohibited in the construction work zone.  Id. ¶¶ 16–17, 56.

28          On August 17, 2020, Ms. Cornejo filed a complaint against Alvah, City and County of San

United States District Court
Northern District of California

United States District Court
Northern District of California

1

Francisco ("CCSF"), Cameron A. Hale, Nelsons Tow, PG&E, Tegsco LLC (d/b/a San Francisco

2

AutoReturn LLC) ("AutoReturn"), SFMTA, Dan Scanlan, and Jeffrey Tumlin, alleging numerous

3

violations of her civil rights under 42 U.S.C. § 1983, as well as claims for a violation of Cal. Civ.

4

Code § 52.1, intentional infliction of emotional distress or negligent infliction of emotional

5

distress, negligence, conversion, and trespass.  See Compl. (dkt. 1).

6

Following the complaint, Ms. Cornejo filed an ex parte application for a temporary

7

restraining order to enjoin Defendants from depriving Ms. Cornejo of her vehicle until the final

8

resolution of the case, and for damages for Ms. Cornejo's lost use of her vehicle.  See App. for

9

TRO (dkt. 2).  On August 20, 2020, this Court denied the application for a TRO because Plaintiff

10

could not demonstrate a likelihood of irreparable harm.  See Order re: TRO (dkt. 7).  Thereafter,

11

PG&E, CCSF and Alvah, respectively, filed motions to dismiss pursuant to Rule 12(b)(6) of the

12

Federal Rules of Civil Procedure.  See generally MTDs (dkt. 14–15, 17).  After missing her

13

deadlines to oppose the PG&E motion and the CCSF motion, Ms. Cornejo filed a motion for

14

administrative relief to extend time to amend her complaint, which this Court granted for good

15

cause.  See Admin. Mot. (dkt. 18); see also Order re: Admin. Mot. (dkt. 19).

16

On November 22, 2020, Ms. Cornejo filed her First Amended Complaint ("FAC"), adding

17

Mr. Bey as another plaintiff and naming the following defendants: (1) CCSF; (2) SFMTA; (3)

18

Jeffrey Tumlin, SFMTA's Director, in his official capacity; (4) AutoReturn; (5) John Wicker,

19

AutoReturn's CEO, in his official capacity; (6) Dan Scanlan, AutoReturn's Vice President, in his

20

individual and official capacities; (7) Nelsons Tow;  (8) Alvah; (9) Cameron A. Hale, Alvah's

21

President, in his individual and official capacities; (10) PG&E; and (11) Bill Johnson, PG&E's

22

Director, in his official capacity (collectively "Defendants").  FAC ¶¶ 30–37.  Plaintiffs request

23

general damages, special damages, punitive and exemplary damages, attorneys' fees and costs,

24

statutory damages, costs incurred, and injunctive relief.  Id. ¶ 187.  Plaintiffs premise their request

25

on the following causes of action:

26

Count I.          Section 1983 Claim Against Dan Scanlan individually, Cameron A. Hale

27

individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA,

28

CCSF, and Nelsons Tow for violations of Ms. Cornejo's Fourth Amendment Rights.  See id. ¶ 103.

Count II.    Section 1983 Claim Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow for violations of Ms. Cornejo's Fourteenth Amendment Rights.  See id. ¶ 110.

Count III.    Bane Civil Rights Act Claim, Cal. Civ. Code § 52.1, Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow for violation of Ms. Cornejo's rights.  See id. ¶ 117.

Count IV.    Intentional Infliction of Emotional Distress or Negligent Infliction of Emotional Distress Claim Against Dan Scanlan individually, AutoReturn, Jeffrey Tumlin officially, SFMTA, Nelsons Tow, and CCSF.  See id. ¶ 121.

Count V.    Negligence Claim Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow.  See id. ¶ 127.

Count VI.    Conversion Claim Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow.  See id. ¶ 132.

Count VII.    Trespass Claim Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow.  See id. ¶ 139.

Count VIII.    Fraudulent or Negligent Misrepresentation Claim Against Dan Scanlan individually and AutoReturn.  See id. ¶ 144.

Count IX.    Violation of California Business and Professions Code § 17200 Against Dan Scanlan individually, Cameron A. Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially, SFMTA, CCSF, and Nelsons Tow for unfair and fraudulent business practices.  See id. ¶ 152.

1    Count X.         Section 1983 Claim Against Dan Scanlan individually, AutoReturn, Alvah,

2                     PG&E, Jeffrey Tumlin officially, SFMTA, and CCSF, for violations of Ms.

3                     Cornejo's Eighth Amendment Rights.  See id. ¶ 168.

4    Count XI.        Section 1985 Conspiracy Claim Against Dan Scanlan individually, Cameron A.

5                     Hale individually, AutoReturn, Alvah, PG&E, Jeffrey Tumlin officially,

6                     SFMTA, CCSF, and Nelsons Tow for deprivation of Ms. Cornejo's rights

7                     under color of law.  See id. ¶ 179.

8            Defendants have all moved to dismiss the FAC.  See generally MTDs.  A brief outline of

9    each motion follows.

10           **A.     Dan Scanlan, John Wicker, AutoReturn, and Nelson Tow's Motion to Dismiss**

11           Dan Scanlan, John Wicker, AutoReturn, and Nelsons Tow (collectively "AutoReturn

12   Defendants") moved to dismiss the FAC, arguing: (1) Plaintiffs failed to exhaust administrative

13   remedies; and (2) Plaintiffs' due process claims fail because courts have repeatedly held that

14   administrative remedies under California Vehicle Code section 40200, et seq., do not violate due

15   process.  See AutoReturn MTD (dkt. 21).  Plaintiffs opposed AutoReturn Defendants' motion to

16   dismiss.  See Opposition (dkt. 26).  AutoReturn Defendants replied.  See Reply re: AutoReturn

17   MTD (dkt. 27).

18           **B.     Cameron A. Hale and Alvah's Motion to Dismiss**

19           Cameron A. Hale and Alvah (collectively "Alvah Defendants") moved to dismiss the FAC,

20   arguing: (1) Plaintiffs' failure to exhaust administrative remedies is a jurisdictional bar; (2)

21   Plaintiffs' Fourth and Fourteenth Amendment rights were not violated; and (3) Plaintiff's other

22   claims also fail.  See Alvah MTD (dkt. 22).  On the same day, Alvah Defendants filed a request

23   for judicial notice.  Alvah RJN (dkt. 22-2); Codog Decl. (dkt. 22-1).

24           Plaintiffs opposed Alvah Defendants' motion to dismiss and their request for judicial

25   notice.  See Opp'n.  Alvah Defendants replied.  See Reply re: Alvah MTD (dkt. 27).

26           **C.     PG&E's Motion to Dismiss**

27           PG&E moved to dismiss the FAC, arguing: (1) Ms. Cornejo's Fourth and Fourteenth

28   Amendment claims under 42 U.S.C. § 1983 fail as a matter of law; (2) Ms. Cornejo fails to allege

United States District Court
Northern District of California

4

a conspiracy to deprive her of her equal protection under 42 U.S.C. § 1985; and (3) Plaintiffs' state law claims must fail because Plaintiffs failed to plead exhaustion of administrative remedies under California Vehicle Code section 40200.  See PG&E MTD (dkt. 23).  On the same day, PG&E filed a request for judicial notice.  PG&E RJN (dkt. 23-1); Ex. A (dkt. 23-2); Ex. B (dkt. 23-3).

Plaintiffs opposed PG&E's motion to dismiss and their request for judicial notice.  See Opp'n.  PG&E replied.  See PG&E Reply (dkt. 30).

### D.     CCSF's Motion to Dismiss

CCSF moved to dismiss the FAC, arguing: (1) Plaintiffs' state law claims must fail because Plaintiffs failed to exhaust their administrative remedies in state court, as required by the California Vehicle Code; (2) Plaintiffs' Fourth, Eighth, and Fourteenth Amendment Claims under 42. U.S.C. § 1983 fail as a matter of law; (3) Plaintiff's claims fail to meet the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedures as to the City's allegedly wrongful conduct; and (4) Defendants Jeffrey Tumlin and the SFMTA are incorrectly named as defendants and should be dismissed.  See CCSF MTD (dkt. 24).  Plaintiffs opposed CCSF's motion to dismiss.  See Opp'n.  CCSF replied.  See CCSF Reply (dkt. 29).

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting another source).  A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561

1    (9th Cir. 1987).  "[C]ourts must consider the complaint in its entirety, as well as other sources

2    courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

3    documents incorporated into the complaint by reference, and matters of which a court may take

4    judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

5         Where the plaintiffs are pro se, the Court has an obligation to construe the pleadings

6    liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).  However, the

7    Court may not supply essential elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d

8    469, 471–72 (9th Cir. 1992).  Vague and conclusory allegations of official participation in civil

9    rights violations are not sufficient to withstand a motion to dismiss.  Id.

10        If a court does dismiss a complaint for failure to state a claim, it should "freely give leave

11   [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court nevertheless has

12   discretion to deny leave to amend due to "undue delay, bad faith, or dilatory motive on the part of

13   the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

14   prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

15   amendment."  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008)

16   (alteration in original) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.   DISCUSSION

18        Defendants move to dismiss all eleven causes of action.  The Court organized its analysis

19   of these motions into four parts: (A) PG&E and AutoReturn Defendants' requests for judicial

20   notice, (B) Plaintiffs' state law claims, (C) Plaintiffs' federal law claims, and (D) leave to amend.

### A.      Request for Judicial Notice

22        Alvah and PG&E filed requests for judicial notice asking the Court to take notice of

23   documents listed as Exhibits A and B, attached to the Declaration of Benjamin J. Codog III and

24   Sara N. Duncan, respectively.  See Alvah RJN; PG&E RJN.  As a general rule, a district court

25   may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  Lee v.

26   City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  However, a court may judicially notice a fact that

27   is not subject to reasonable dispute because it can be accurately and readily determined from

28   sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  In particular, a

United States District Court
Northern District of California

court may take judicial notice of information posted on government websites.  See Hadley v. Kellogg Sales Co., 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017) ("the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites runs by governmental agencies.").  However, the Court will not take judicial notice of any facts in documents subject to judicial notice that are subject to reasonable dispute.  See Lee, 250 F.3d at 689.

Here, Alvah and PG&E request judicial notice of the following documents:

- A copy of the temporary occupancy permit issued to PG&E as found on the San Francisco Department of Public Works, Infrastructure Design and Construction Division, Bureau of Street-Use & Mapping website.  See Codog Decl. at 4–7; Ex. A; Ex. B.

- A copy of the corresponding tow-away signs photo upload as found on the San Francisco Department of Public Works, Infrastructure Design and Construction Division, Bureau of Street-Use & Mapping website.  See Codog Decl. at. at 9–10; Ex. A; Ex. B.

Defendants contend that the Court should take judicial notice of these documents because documents and information available through a government website are appropriate for judicial notice as documents in the public record not reasonably subject to dispute.  See Alvah RJN at 2; PG&E RJN at 3.

Here, although the exhibits are posted on San Francisco Public Works's website, and therefore a government website, the facts within the documents are still subject to reasonable dispute.  The posted documents demonstrate that a permit was issued and that tow-away signs were posted for the subject construction zone, however, the exhibits fail to demonstrate that these tow-away signs were posted in the area from which Plaintiffs car was actually towed.  See Codog Decl. at 9–10; Ex. B.  These are disputed facts.  Thus, this Court takes judicial notice of the existence of the documents, but not of the truth of the facts recited therein.  See Lee, 250 F.3d at 690.

### B.    Plaintiffs' State Law Claims

Plaintiffs assert state law claims against Defendants for violation of the California Civil Code section 52.1 (count III), intentional infliction of emotional distress (count IV), negligence (count V), conversion (count VI), trespass (count VII), fraudulent or negligent misrepresentation

1    (count VIII), and unfair competition law (count IX) stemming from the allegedly wrongful towing

2    of Plaintiffs' automobile without due process, a warrant, or probable cause.  See generally FAC.

3    All Defendants argue that Plaintiffs' state law claims fail because Plaintiffs failed to plead

4    exhaustion of administrative remedies as required under California Vehicle Code section 40200.

5    See AutoReturn MTD; Alvah MTD; PG&E MTD; CCSF MTD.

6         "The doctrine of exhaustion of administrative remedies provides that 'where an

7    administrative remedy is provided by statute, relief must be sought from the administrative body

8    and this remedy exhausted before the courts will act.' . . . The doctrine is 'a fundamental rule of

9    procedure laid down by courts of last resort, following under the doctrine of stare decisis, and

10    binding upon all courts.'"  Plaza v. Hollister Ltd. P'ship v. City of San Benito, 72 Cal. App. 4th 1,

11    29 (1999).  "This is a jurisdictional prerequisite, not a matter of judicial discretion."  Yamaha

12    Motor Corp. v. Superior Court, 185 Cal. App. 3d 1232, 1240 (Ct. App. 1986).

13         Under California Vehicle Code section 40200, et seq., the process for contesting a citation

14    includes: (1) an initial review by the issuing agency[1]; (2) a subsequent "independent, objective,

15    fair and impartial" administrative hearing (Cal. Veh. Code § 40215(c)(3)); and (3) review of the

16    administrative hearing by "appeal to be heard by the . . . superior court, where the same shall be

17    heard de novo . . .." (Cal. Veh. Code § 40230(a)).  Courts have declared that the remedies

18    provided in section 40200 et seq. are the only procedure by which an individual can contest a

19    parking citation.  See Smith v. City of Los Angeles Dep't of Transp., 59 Cal. App. Supp. 7, 10

20    (1997).  In Smith, supra, the appellate department of the superior court elaborated on this point by

21    stating, "[i]n view of the specific and comprehensive nature of the statutory scheme provided in

22    section 40200 et seq. and the clear legislative intent that the courts have limited involvement in the

23    determination of liability for parking violations, we conclude that the procedure for review set

24    forth in section 40200 et set. is the only procedure available to contest a parking citation."  Id.

25    (emphasis added).  "The Legislature intended this 'de novo' review [by the Superior Court] of the

26

27    _____

[1] Vehicle Code section 40215(a) states, in pertinent part: "For a period of 21 calendar days from
the issuance of a notice of parking violation or 14 calendar days from the mailing of a notice of
delinquent parking violation . . . a person may request an initial review of the notice by the issuing
agency."

28

8

United States District Court
Northern District of California

administrative decision to be the extent of the process due a parking violation contestant.  Thus, the adjudicative process ends in municipal court."  Lagos v. City of Oakland, 41 Cal. App. 4th Supp. 10, 12 (1995).

California Vehicle Code section 22852 provides that notice of the right to a post-towing hearing be given within forty-eight hours after a vehicle has been towed, and that such a hearing be held within forty-eight hours after a request for a hearing is made.  Cal. Veh. Code § 22852. Such procedures ensure that any erroneous deprivation of an owner's vehicle will be slight and satisfies due process concerns.  See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1325 (9th Cir. 1982).

Here, Plaintiffs' state law claims fail as there are no available remedies in federal court for harms stemming from a parking/towing incident subject to state administrative procedures.  See Cal. Veh. Code § 40200; Cal. Veh. Code § 22852.  Plaintiffs concede on the face of the Complaint that they had "personal knowledge" [2] of their right to request and attend a "tow and boot" hearing but chose to forego such a hearing due to a lack of adequate constitutional safeguards.  See FAC ¶ 58.  Plaintiffs neither requested a vehicle administrative hearing, nor appealed the SFMTA decision through the statutorily-created administrative processes.  Thus Plaintiffs have failed to allege compliance with the administrative hearing and appeals process, which are necessary for compliance with the exhaustion requirement.

Accordingly, the Court GRANTS all Defendants' motions to dismiss the state law claims for failure to plead exhaustion of administration remedies.

### C.    Plaintiff's Federal Law Claims

Ms. Cornejo asserts four federal causes of action against Defendants including a Section 1983 claim for a violation of the Fourth Amendment (count I), violation of the Fourteenth

---

[2] Plaintiffs appeared before this Court in 2017 in a similar case.  Their vehicle was booted and towed and, after Plaintiffs unsuccessfully challenged the boot in an administrative hearing, they brought an action against CCSF in federal court seeking an injunction and damages.  See generally Cornejo et al. v. Moran et al., Case No. 17-cv-04664 (CRB).  Specifically, Plaintiffs argued that the administrative hearing violated their constitutional rights to due process.  CCSF filed a motion to dismiss.  See MTD (dkt. 18) in Case No. 17-cv-04664 (CRB).  This Court found that it lacked subject matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine.  See Order re: MTD (dkt. 21) in Case No. 17-cv-04664 (CRB).

Amendment (count II), and a violation of the Eighth Amendment (count X).  FAC ¶¶ 103–16, 168–78.  She also asserts a claim under Section 1985(3) for deprivation of rights under color of law.  Id. ¶¶ 179–86.

### 1.    Section 1983 Claims

Section 1983 of Title 42 of the United States Code "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393–94 (1989).  Exhaustion of state administration remedies is not a prerequisite to bringing an action pursuant to 42 U.S.C. § 1983.  Patsy v. Board of Regents of State of Fla., 457 U.S. 496, 515 (1982).  The Court must therefore determine whether Plaintiffs have stated a claim under Section 1983 irrespective of exhaustion.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a person violated a right secured by the Constitution or laws of the United States and (2) that said person acted under the color of state law when he or she committed the alleged violation.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).  In this case, Plaintiffs allege that all of the defendants are state actors including the private company defendants, because they acted "under the police power of the State . . . thus the act to Seize the car and the feeds charged by the Defendants . . ., are deemed to be a 'state action.'"  FAC ¶ 170.  Plaintiffs allege three constitutional violations: (1) an unlawful seizure under the Fourth Amendment (id. ¶¶ 103–09); (2) a violation of procedural due process under the Fourteenth Amendment (id. ¶¶ 110–16); and (3) charging an excessive fine and penalty in violation of the Eighth Amendment (id. ¶¶ 168–78).

### a.    Ms. Cornejo's Fourth Amendment Claim

Ms. Cornejo alleges that Defendants violated the Fourth Amendment's prohibition against unreasonable seizures by towing or, in Plaintiff's terms, "seizing" Plaintiffs' automobile without any lawful reason or probable cause.  See id. ¶¶ 2, 103–09.

#### i.      Alvah, AutoReturn and PG&E

Defendants Alvah and PG&E contend that there was no Fourth Amendment violation because contrary to Ms. Cornejo's assertions in the FAC, duly citing and towing a vehicle is not an unconstitutional seizure.  See generally Alvah MTD; PG&E MTD.[3]

PG&E asserts that under the "community caretaking function," "[t]he authority of the police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."  South Dakota v. Opperman, 428 U.S. 364, 369 (1976).  In Opperman, the Supreme Court provided two examples that would justify the community caretaking function: (1) vehicles disabled or damaged in an accident; and (2) vehicles in violation of parking ordinances, thereby jeopardizing both the public safety and the efficient movement of vehicular traffic.  Id. at 368–69.  In addition, the Ninth Circuit has found that in another towing case, "[t]he injury caused by a justified deprivation, including distress, is not properly compensable under § 1983."  Scofield v. City of Hillsborough, 862 F.2d 759, 765–66 (9th Cir. 1988) (emphasis added) (internal quotations and citations omitted).

Here, Plaintiffs' automobile was parked on a public street, FAC ¶ 21, a location where the SFMTA is authorized to exercise its caretaking function.  See Opperman, 428 U.S. at 369; Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir. 2005); Goichman, 682 F.2d at 1324 (recognizing "the government's interest in efficient and inexpensive towing of illegally parked automobiles").  However, Ms. Cornejo alleges that at the time she parked the automobile at approximately 4 p.m. on February 27, 2020, there were no warning signs near the car giving notice of a construction site or towing at owner's expense.  See FAC ¶ 21; Compl. at 26.  Further, Ms. Cornejo alleges that at approximately 7:13 p.m., persons in fluorescent jackets, whom Plaintiffs reasonably believe were contractors or employees working for Alvah, were captured on surveillance video placing an orange cone next to the subject automobile.  FAC ¶ 22; Compl. at 28.  These allegations contradict defendants' assertion that Ms. Cornejo's parked automobile violated parking ordinances.  See Codog Decl.; Duncan Decl.[4]  For the purposes of this motion,

---

[3] AutoReturn fails to address the Fourth Amendment claim.  See generally AutoReturn MTD.
[4] PG&E and Alvah, of course, contend that the signage was appropriate and the tow was lawful, but—as discussed above—the Court cannot accept the content of the exhibits they submit in the

the Court must accept the well-pled allegations of Plaintiffs' complaint and so the Court cannot conclude that the ticketing and towing of Plaintiffs' vehicle was reasonable.

For the purposes of establishing Section 1983 liability, Ms. Cornejo must also demonstrate that defendants Alvah, AutoReturn, and PG&E, private companies, are state actors.  See West, 487 U.S. at 48; Ketchum, 811 F.2d at 1245.  While Ms. Cornejo alleges that they are state actors because seizing the car was a state action, see FAC ¶ 170, the Court is not persuaded that their roles in this case—in PG&E's case, hiring a subcontractor to work on transmission lines; in Alvah's case, working on transmissions lines and, in connection with that work, being responsible for posting public notice of parking prohibitions—constitute state action.[5]  Ms. Cornejo has, at this point, failed to plausibly allege that PG&E and Alvah are state actors.

Accordingly, the Court GRANTS dismissal of this claim as to PG&E and Alvah, and DENIES dismissal of this claim as to AutoReturn.

### ii.    CCSF

CCSF contends that all of Ms. Cornejo's section 1983 claims fail as a matter of law.  See CCSF MTD at 7–10.

To state a valid claim against a municipality under 42 U.S.C. § 1983, one must allege that the City's "policies, whether set by the government's lawmakers or by those whose edicts or acts . . . may fairly be said to represent official policy, caused the particular constitutional violation at issue.  King v. Cnty. of Los Angeles, 885 F.3d 548, 558 (9th Cir. 2018) (quoting Streit v. Cnty. of Los Angeles, 236 F.3d 552, 559 (9th Cir. 2001).  Municipal liability must be based upon enforcement of a municipal policy or custom that causes deprivation of a plaintiff's constitutional right, and not upon the municipality's mere employment of a constitutional tortfeasor.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

To maintain a § 1983 claim against a public entity defendant or a supervisor not personally involved in the alleged violation, a plaintiff must allege that his or her constitutional injury

---

requests for judicial notice.
[5] The Court does not address this issue as to AutoReturn given AutoReturn's failure to challenge the Fourth Amendment claim.  AutoReturn may raise the issue of state action, if it wishes to do so following amendment.

1    resulted from a policy, practice, or custom of the local entity.  Id.  "While the liability of

2    municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of

3    constitutional rights."  Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994).  Thus, municipal

4    defendants cannot be held liable when no constitutional violation has occurred.  To prevail on a §

5    1983 complaint against a local government under Monell, a plaintiff must satisfy a three-part test:

6    (1) an official violated the plaintiff's constitutional rights; (2) the violation is a part of policy or

7    custom and may not be an isolated incident; and (3) there is a nexus between the specific policy or

8    custom to the plaintiff's injury.  See Monell, 436 U.S. at 690–92.

9         Here, Plaintiffs fail to allege that the City has a policy or custom of unconstitutional

10   towing.  Plaintiffs contend that SFMTA has "showed a continuous pattern of wrongful seizures of

11   our property" by referencing two prior instances when Plaintiffs' cars have been seized, in 2015

12   and 2017.  FAC ¶¶ 65–66.  However, these allegations do not demonstrate a policy or custom of

13   unconstitutional towing.  Thus, Plaintiffs have not sufficiently alleged that CCSF engaged in

14   deliberate conduct under a policy or custom to wrongfully take the subject automobile.

15   Accordingly, their Fourth Amendment claim cannot meet the Monell standard for section 1983

16   liability against a municipality.  See 436 U.S. at 690.

17        The Court therefore GRANTS dismissal of this Section 1983 Fourth Amendment claim as

18   to Alvah, PG&E, and CCSF and DENIES dismissal as to AutoReturn.

19              **b.      Ms. Cornejo's Fourteenth Amendment Claim**

20        Ms. Cornejo alleges that Defendants violated her Fourteenth Amendment rights to due

21   process of law for seizure of property.  FAC ¶¶ 110–16.  Specifically, she alleges that Defendant

22   Dan Scanlan denied her due process of law by keeping her automobile (id. ¶ 111); Defendant

23   Cameron A. Hale denied her due process of law by failing to warn her of the seizure prior thereto,

24   and for "failing to issue process to Plaintiff prior to the seizure" (id. ¶ 112); and Defendants PG&E

25   and Alvah failed to provide notice as required by statute (id. ¶ 114).  Ms. Cornejo further alleges

26   that employees of  Defendants Alvah, PG&E, SFMTA, and CCSF, were involved in carrying out a

27   contract which was an express agreement to tow cars from the street at a construction site,

28   resulting in Defendants Alvah and PG&E being jointly and severally liable with SFMTA and

CCSF for violating her Fourteenth Amendment rights.  Id. ¶ 115.

**i.   AutoReturn Defendants, Alvah Defendants, and PG&E**

AutoReturn Defendants, including Dan Scanlan, argue that the Court should dismiss Ms. Cornejo's Fourteenth Amendment claim because (1) Ms. Cornejo did not attempt to obtain relief through the available procedures, thus, she cannot show that she was not provided due process; and (2) state and federal courts have repeatedly held that the administrative remedies under California Vehicle Code section 40200 et seq. do not violate due process.  See AutoReturn MTD at 5.  In addition, Alvah Defendants (including Cameron A. Hale), PG&E, and CCSF contend that they did not violate Ms. Cornejo's Fourteenth Amendment rights because the Vehicle Code's procedures for administrative review satisfy procedural due process standards, which Ms. Cornejo knowingly chose not to avail herself of.  See generally Alvah MTD at 8; PG&E MTD at 5–6; CCSF MTD at 9.

The Fourteenth Amendment provides that, "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const., amend. XIV, § 1.  To state a procedural due process claim, plaintiffs must allege that they failed to receive proper notice and a hearing prior to the deprivation of life, liberty, or a significant property interest.  Sinaloa Lake Owners Ass'n v. City of Simi Valley, 864 F.2d 1475, 1481–82 (9th Cir. 1989).  The Ninth Circuit held that the Due Process Clause does apply to parking citations.  See, e.g., In re Gustafson, 650 F.2d 1017, 1025 (9th Cir. 1981) (recognizing that "[t]he Supreme Court has imposed procedural due process requirements in a number of civil situations where liberty or property interests are implicated, " and "[e]ven a minimal fine . . . is a deprivation of property").

Nevertheless, both federal courts and California state courts have held that the Vehicle Code procedures for administrative review of parking citations and impoundment of vehicles and satisfy procedural due process standards.  Moore v. City of Santa Monica, 185 Fed. App'x 661 (9th Cir. 2006) (affirming the dismissal with prejudice of a pro se plaintiff's due process claims arising from parking tickets he received in Santa Monica because California provides an "adequate and prompt post-deprivation remedy"); Goichman., 682 F.2d at 1324–25 (stating that the government's interest in efficient and inexpensive towage of illegally parked automobiles is

1   sufficient to outweigh the private interest in return-on-demand.  Thus, finding that the provision in

2   Cal. Veh. Code § 22852 for a post-seizure hearing within forty-eight hours satisfies the

3   requirements of due process); Love v. City of Monterey, 37 Cal. App. 4th 562, 586 (1995)

4   (holding that "the statutory scheme for contesting parking citations does not violate due process

5   requirements") (citing Tyler v. Cnty. of Alameda, 34 Cal. App. 4th 777, 787 (1995)); Damiano v.

6   City & Cnty. of San Francisco, Case No. 14-cv-02863 (LB), 2014 WL 6359763, at *3 (N.D. Cal.

7   Nov. 14, 2014) ("To the extent that [plaintiff] challenges the process for contesting parking tickets

8   that is set out in California Vehicle Code §§ 40200 – 40230, courts have previously made clear

9   that the process passes Constitutional muster."); Chang v. Rockridge Manor Condo., Case No. 07-

10  cv-04005 (EMC), 2008 WL 2683075, at *8 (N.D. Cal. July 3, 2008) (dismissing plaintiff's claim

11  that she was unlawfully cited for a parking violation because "being cited for such a violation does

12  not rise to the level of a procedural due process violation where there is a process in place to

13  contest the citation.").

14      Ms. Cornejo concedes that she did not obtain relief through the administrative remedies

15  available under California Vehicle Code section 40200.  FAC ¶ 58.  Further, she does not include

16  in the FAC whether she pursued a post-storage hearing regarding the towing of her vehicle as

17  required under California Vehicle Code section 22852.  Thus, even though she is not required to

18  exhaust administrative rights to bring an action under § 1983, see Patsy, 457 U.S. at 515, Ms.

19  Cornejo's failure to avail herself of the state's administrative remedies serves as a ground to

20  dismiss her Fourteenth Amendment claim.  An administrative hearing would have protected Ms.

21  Cornejo's due process rights; she simply chose not to pursue one.  The act of towing Plaintiffs'

22  automobile does not constitute a violation of Ms. Cornejo's Fourteenth Amendment rights to due

23  process.  See Cal. Veh. Code § 40200; see also Cal. Veh. Code § 22852.

24                          **ii.    CCSF**

25      As stated above, the Monell standard for municipal liability requires there to be a violation

26  of plaintiff's constitutional rights by an official.  Thus, for the reasons stated in the section above,

27  the Court grants CCSF's motion to dismiss Plaintiff's Fourteenth Amendment claim.

28      The Court therefore GRANTS all Defendants' motions to dismiss the Section 1983

Violation of Fourteenth Amendment claim.

### c.      Ms. Cornejo's Eighth Amendment Claim

Ms. Cornejo alleges that AutoReturn Defendants and CCSF violated her Eighth Amendment rights because they charged Plaintiffs excessive fees and fines in connection with a state created seizure.  See generally FAC ¶¶ 168–78.  Specifically, Ms. Cornejo alleges that CCSF and AutoReturn will be unjustly enriched by being paid over $18,000 in excessive fees and fines arising as a result of the unlawful taking of the automobile, if they were to collect any of the amounts they require in order for Ms. Cornejo to regain possession thereof.  Id. ¶ 62.  In addition, she contends that SFMTA & CCSF charged Plaintiffs "an 'administrative fee' of $298.75 for the seizure of their car, in addition to the $76 citation for parking in the alleged construction zone, meaning CCSF and SFTMA would earn $374 in addition to any amount privately agreed on under the contracts Plaintiffs allege Defendants have."  Id. ¶ 171.  Ms. Cornejo argues that this is an excessive fine and penalty in violation of the Eighth Amendment.  Id.  Ms. Cornejo further alleges that AutoReturn Defendants charged Plaintiffs $238.25 for the towing, although Nelsons Tow only charged Defendants $56 to tow the car, which Ms. Cornejo alleges is either a misrepresentation of cost by AutoReturn or intentional profiting.  Id. ¶ 172.

The Eighth Amendment's Excessive Fines clause limits the government's power to extract payments, whether in cash or in kind, as punishment for an offense.  Austin v. United States, 509 U.S. 602, 609–10 (1993) (quoting Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265 (1989)) (emphasis removed).  The touchstone of the constitutional inquiry under the Excessive Fines clause is the principle of proportionality: the amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  United States v. Bajakajian, 524 U.S. 321, 334 (1998).  A punitive forfeiture, which can include a civil penalty, violates the Excessive Fines Clause if it is grossly disproportional to the gravity of the defendant's offense.  Id.

Here, Ms. Cornejo alleges that CCSF and AutoReturn charged $298.75 for the cost of the tow, whereas Nelsons Tow only charged Defendants $56 to tow the car.  FAC ¶ 172.  While Ms.

United States District Court
Northern District of California

1    Cornejo alleges that the fines were disproportionate to the cost for storing a towed vehicle for

2    months, see FAC ¶ 62, CCSF asserts that it adhered to the Schedule of Fees for Towing,

3    applicable to all vehicles towed in the City and County of San Francisco, see CCSF MTD at 10;

4    Kwan Decl. (dkt. 24-1) ¶ 4.  CCSF contends that Plaintiffs' tow did not include any additional fees

5    beyond the standard fees in the Schedule of Fees.  Id.

6         Most significantly, Ms. Cornejo alleges that, at the time the FAC was filed, Plaintiffs were

7    required to pay over $18,000 in excessive fees in order to get their automobile back.[6]  FAC ¶¶ 62,

8    97.  This $18,000 supports a plausible claim that the towing fees charged by CCSF, as well as the

9    cost to store Plaintiffs' towed vehicle charged by AutoReturn, are excessive fines within the

10   meaning of the Eighth Amendment.[7]

11        At this stage, the Court cannot conclude that the fees charged to Plaintiffs were not

12   excessive.

13        The Court therefore DENIES AutoReturn Defendants & CCSF's motions to dismiss the

14   Eighth Amendment claim.

15             **2.    Section 1985(3) Claim of Conspiracy**

16        Ms. Cornejo alleges that Defendants deprived her of her rights under color of law by

17   conspiring with each other to "engage in a mission to gain a benefit" from the seizure of Plaintiffs'

18   automobile in violation of 42 U.S.C. § 1985.  See generally FAC ¶¶ 179–86.  Alvah, PG&E, and

19   CCSF argue that the Court should dismiss the conspiracy claim because: (1) Ms. Cornejo fails to

20   allege that she was part of any protected class or that Defendants acted with any discriminatory

21   intent, see Alvah MTD at 11; (2) Ms. Cornejo fails to allege a conspiracy to deprive her of equal

22   protection, see PG&E MTD at 6; and (3) Ms. Cornejo's vague descriptions and legal conclusions

23   do not amount to a conspiracy claim, see CCSF MTD at 10.

24        Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to

25

26   _____

27   [6] As of February 8, 2021, the total fee listed on AutoReturn's website
     (https://search.autoreturn.com/find-vehicle/details?vehicle=3669478) was $23,340.50.
     [7] CCSF asserts that the California Department of Motor Vehicles does not permit more than 60

28   days of storage for vehicles, so only 60 days of storage was assessed on Plaintiffs' car.  See CCSF
     MTD at 10; Kwan Decl. ¶ 6.

interfere with constitutionally or federal protected rights when motivated by invidiously discriminatory animus.  See Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971).  Under Section 1985(3), a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege.  See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979) (quoting Griffin, 403 U.S. at 102).  "The language requiring intent to deprive of equal protection . . . means that there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102.  A claim must allege facts to support the allegation that defendants conspired together.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient. Id.

In the FAC, Ms. Cornejo vaguely alleges that the Defendants conspired with one another to "engage in a mission to gain a benefit from the seizure of Plaintiffs' automobile."  FAC ¶ 181. She states, "Defendants either initiated the towing, did the towing, stored the illegally held car, and or received, or intended to receive, a profit from the towing and keeping thereof."  Id. ¶ 183. These allegations merely summarize the standard process by which the City and permit holders initiate and implement a tow; they do not amount to a conspiracy claim.  Further, Ms. Cornejo fails to allege that she was part of any protected class or that the Defendants acted with any intent to deprive them of civil rights or equal protection, as the FAC suggests that Defendants never saw or interacted with Plaintiffs when the automobile was towed on February 27, 2020.  See id. ¶¶ 22– 23.  Plaintiffs' vague and conclusory allegations that Defendants "conspired" with one another fail to state a claim under 42 U.S.C. § 1985.

The Court therefore GRANTS all Defendants' motions to dismiss the Section 1985(3) Deprivation of Rights under Color of Law claim.

### D.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 is to facilitate a decision on the merits, rather than on the pleadings or technicalities.  Lopez v Smith, 203 F.3d

1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When

dismissing a complain for failure to state a claim, "a district court should grant leave to amend

even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts."  Id. at 1130 (quoting Doe v. United States,

58 F.3d 494, 497 (9th Cir. 1995)).  Generally, leave to amend shall be denied only if allowing

amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

moving party has acted in bad faith.  Leadsinger, 512 F.3d at 532.

Here, the Court grants the motions to dismiss the FAC with prejudice regarding Plaintiffs'

state law claims, Ms. Cornejo's Fourth Amendment claim against CCSF, Ms. Cornejo's

Fourteenth Amendment claim against all Defendants, and Ms. Cornejo's Section 1985 claim

against AutoReturn, Alvah, and PG&E.  See generally MTDs.  The Court dismisses without

prejudice Ms. Cornejo's Fourth Amendment claim against Alvah and PG&E.[8]

With respect to Plaintiffs' state law claims, even if Plaintiffs were to amend their

complaint to allege that they did exhaust administrative remedies, such amendment would be

futile as this Court would then lack subject matter jurisdiction under the Rooker-Feldman doctrine.

See Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).

Ms. Cornejo's federal law claims under Sections 1983 and 1985 against CCSF are

dismissed without leave to amend as Plaintiffs have neither explained in their FAC nor clarified in

their Opposition how they can meet the Monell standard.  See generally FAC; Opp'n.

The Court dismisses Ms. Cornejo's Fourteenth Amendment and Section 1985 claims with

prejudice, as Ms. Cornejo cannot amend around the adequacy of the state process, and has given

no indication of being able to allege that defendants conspired to interfere with constitutionally or

federal protected rights when motivated by invidiously discriminatory animus.  However, this

Court dismisses Ms. Cornejo's Fourth Amendment claim against Alvah and PG&E with leave to

amend to attempt to plausibly allege that said defendants are state actors for the purpose of Section

1983 liability.

---

[8] As already discussed, the Court does not dismiss Ms. Cornejo's Fourth Amendment claim
against AutoReturn or her Eighth Amendment claim against AutoReturn and CCSF.

United States District Court
Northern District of California

IV.     **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants'

motions to dismiss.

**IT IS SO ORDERED.**

Dated: February 11, 2021



CHARLES R. BREYER
United States District Judge